JOHN D. MARLIN and Another v. A. L. SIPPRELL.[1]

November 4, 1904.

Nos. 14,103—(43).

**Broker's Commission—Sale of Homestead.**

Defendant employed plaintiffs to sell certain land owned by him, part of which constituted his homestead, upon which he resided with his wife. Plaintiffs fully performed their contract, procuring a purchaser who was ready, able, and willing to purchase the land on terms prescribed by defendant; and a contract was subsequently prepared and signed by the parties, but defendant's wife refused to sign or join in the same, unless defendant, her husband, gave her one-half the proceeds, which he declined to do. *Held*, that the evidence sustains a verdict for plaintiffs for their agreed compensation, and that the court correctly charged the jury as to the law of the case.

Appeal by defendant from an order of the district court for Wadena county, Baxter, J., denying a motion for judgment notwithstanding the verdict or for a new trial, after a trial and verdict in favor of plaintiffs for $308.92. Affirmed.

*A. G. Broker* and *J. D. Van Dyke,* for appellant.

*Arthur B. Church,* for respondents.

BROWN, J.

Action to recover a commission alleged to be due plaintiffs for services rendered in procuring a purchaser for defendant's farm. Plaintiffs had a verdict in the court below, and defendant appealed from an order denying a new trial.

The facts are as follows: Plaintiffs are real estate agents doing business at Staples, Minnesota. Defendant owned a farm consisting of three hundred twenty acres, which he listed with them for sale at $26 per acre, and agreed, in case they found a purchaser at that price, to pay them the sum of $300 for their services. Part of the land constituted defendant's homestead, and he resided thereon with his wife. Some time subsequent to this arrangement plaintiffs pro-

[1] Reported in 101 N. W. 169.

cured a purchaser, one Ellis, and took him to defendant's farm, when defendant informed them that he had about concluded not to sell the farm. After some conversation, however, he agreed to sell at $30 per acre, and the purchaser agreed to take the land at that price. The terms of sale were agreed upon, and a written contract was subsequently prepared and signed by the parties; but the transaction was never completed, for the reason that defendant's wife refused to become a party to it or join in the sale. However, on the claim that as they had fully performed their contract, had procured a purchaser for the land ready, able, and willing to purchase upon the terms prescribed by defendant, they had earned their commission, plaintiffs brought this action to recover the same.

The only reason assigned by the wife for refusing to consent to the sale was that her husband had declined to give her one-half the proceeds. She expressed a willingness to sign the contract if she received that portion of the purchase price, but, as the husband refused to accede to her wishes, she declined to do so. It is contended by defendant that plaintiffs were informed of this position of the wife at the time the land was listed with them for sale; that they were expressly informed that the wife would not join in the sale or consent to it unless she received one-half the purchase money; that this fact constituted a defect in the title, rendering the husband, defendant, incapable of completing the sale; and that there could be no recovery for the commission. Whether this be sound law we need not determine, for the trial court, at the request of defendant, instructed the jury in accordance with the contention, and in substance and effect that if they found from the evidence that plaintiffs had notice and knowledge, before they entered into negotiations with the purchaser, of the fact that defendant's wife would not consent to the sale or sign the contract unless she received a certain portion of the proceeds, and if they further found that the sale was not consummated because of her refusal to execute the instruments of conveyance, plaintiffs could not recover. Plaintiffs do not complain of this, and it must be taken as the law of the case, and presented the case to the jury in harmony with defendant's theory as to the legal rights of the parties.

But the evidence is not conclusive that plaintiffs knew at the time they procured a purchaser for the land that defendant's wife would

refuse to join in the sale unless she received one-half the proceeds. The evidence on the part of defendant tends to show that plaintiffs were notified of that fact prior to the time they found a purchaser, but the evidence on the part of plaintiffs tends to show that this information did not come to them until negotiations for a sale between defendant and the purchaser procured by them had resulted in a bargain and sale. So, conceding the correctness of the contention of defendant respecting the law of the case as embodied in the instructions to the jury above referred to, the evidence made the question whether the agents possessed knowledge of the wife's position prior to the time they rendered their services and performed their part of the contract one of fact for the jury to determine, and they found the fact against defendant. We have examined the record on the subject, and reach the conclusion that the verdict of the jury is supported by evidence and should be sustained.

It was also contended on the trial that, by the terms of the arrangement between the parties, plaintiffs were required to procure defendant's wife to sign and consent to the contract of sale, and that their failure to obtain her consent relieved defendant of any liability. In this connection it is urged that the court erred in charging the jury that the burden to prove that plaintiffs agreed to procure the wife to join in the contract was upon the defendant, and this alleged error is based upon the claim that the affirmative of that issue is assumed by plaintiffs in their complaint, i. e., that the complaint alleges that plaintiffs, by the terms of the agreement between them and defendant, agreed to procure the consent of the wife to a sale. But the complaint does not, reasonably construed, support this view. It does not allege, as urged, that plaintiffs were to procure the wife to join in the contract. The issue was one made by defendant, and the court properly charged the jury that the burden was upon him to prove it.

A number of other assignments of error are discussed in the briefs, and we find, though we have patiently considered them, no reversible error. The charge of the court, taken as a whole, fully and fairly submitted all the issues to the jury. There is no doubt that they fully understood the questions presented to them, and on no feature of the case is the evidence conclusive against their verdict.

Order affirmed.