MORGAN *v.* ZANGER.

BROKERS—COMMISSIONS.

In an action by a broker to recover a commission agreed to be paid to him for procuring a tenant of real property, where there is no evidence that the proposed tenant was ready, willing, and able to carry out the terms of his offer, plaintiff is not entitled to recover.

Error to Wayne; Van Zile, J. Submitted June 22, 1915. (Docket No. 90.) Decided September 28, 1915.

Assumpsit by Charles L. Morgan against G. W. Zanger for commissions for procuring a tenant. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*George W. Trendle,* for appellant.

*Lucking, Helfman, Lucking & Hanlon,* for appellee.

STONE, J. This is an action in assumpsit to recover a commission of $5,000, for alleged services in obtaining a tenant for certain premises in the city of Detroit. The declaration alleges:

That on or about October 26, 1911, the defendant made an agreement with the plaintiff to pay the latter said sum of money as a commission for certain services to be rendered in procuring a tenant for certain described property; said agreement being in substance as follows:

"That if this plaintiff would secure a written offer from certain persons, to wit, one J. M. Ward, of the city of Detroit, Wayne county, Michigan, for a 30-year lease of the above-described premises, at a net annual rental to this defendant of $18,000 for each year of said term, lessee to pay all taxes and insurance, said

lessee to further agree, in said offer, to deposit, as security for said rentals, either a $30,000 cash deposit, said deposit to draw interest from this defendant at the rate of 6 per cent. per annum (the same to be payable in installments during the erection of a theater building, to be by this defendant erected on said above described premises at a cost not to exceed $100,000, the same to be erected for the use of said tenant or tenants as a consideration for said rentals), or said offer to contain the indorsement of two first-class business men of the said city of Detroit, then the said defendant would pay this plaintiff the said sum aforesaid."

That the said defendant then and there promised to pay the plaintiff, upon receipt of such written offer as aforesaid, the sum of $5,000. That although the plaintiff, on, to wit, November 14, 1911, performed said work and procured and tendered to said defendant such written offer, as agreed, and fully performed and carried out all the agreements by him to be performed and carried out, yet the said defendant refused, and still refuses, to pay the said sum so promised, although demand has been made on him, etc. Then followed the common counts.

The plea was the general issue.

Upon the trial it was the claim of the plaintiff that, at the request of the defendant, he (the plaintiff) obtained in writing from said Ward the following offer, which was delivered to the defendant, to wit:

"With reference to the lease of your property on Broadway and your erecting a theater for us with a seating capacity of 1,500, to cost not to exceed $100,-000: We will pay you $18,000 per year rental of same, and pay all taxes, insurance, etc., on a 30-year lease. As a guarantee of good faith on our part and security for rent, we will put up either a $30,000 cash deposit, payable in installments during the erection of the building, or the indorsement of two first-class business men of this city; $30,000 cash deposit to bear 6 per

cent. interest. Trusting we can close this matter in the near future, I remain

"Yours very truly,<br>"J. M. WARD."

It was the further claim of the plaintiff upon the trial that after further negotiations it finally developed that the defendant only had a 13-year lease of a part of the property, that one Waldo A. Avery was the owner, and that he (Avery) would not sanction the arrangement, and consequently the deal fell through. The plaintiff further claimed that Ward stood ready, willing, and able to carry out his written offer, and that it was not by reason of any default on Ward's part that the deal was not consummated.

The defendant claimed that he told plaintiff, and the latter fully understood, that Mr. Avery owned the premises, and that all negotiations must be submitted to, and be subject to the approval of, Mr. Avery. While the plaintiff attempted to deny this, yet on cross-examination he testified that defendant mentioned Mr. Avery as being the owner of the property, and interested in the matter, and that he was to furnish the money.

The plaintiff claimed that he was entitled to his commission of $5,000, he having brought the parties together at the request of the defendant, and having obtained the written offer which was accepted by the defendant under the promise to pay such commission; that it made no difference to the plaintiff what the attitude of Mr. Avery was, inasmuch as his agreement was with defendant alone.

There was evidence tending to support the respective claims of the parties, and much conflict in their claims. At the conclusion of the testimony the trial court directed a verdict and judgment for the defendant, upon the ground that, taking the most favorable view of the evidence, the plaintiff had notice that Mr. Avery was

the owner of the premises, and had an interest in the very matter of the contract, and that the whole matter of the offer was tentative, and dependent upon the approval of Mr. Avery, who was to furnish the money for the erection of the proposed building.

The plaintiff has brought the case here for review, and, while there are a number of assignments of error, the plaintiff says there is but one question raised, and that is: Did the trial court err in directing a verdict for the defendant, and in refusing to submit the case to the jury upon plaintiff's requests to charge? The position of the plaintiff is fairly disclosed in the following objection to the introduction of evidence offered by defendant to show the ownership of the property:

*"Plaintiff's Counsel:* I want to enter an objection to the admission of this testimony in regard to the ownership; that the ownership has no bearing whatever on this case, for the reason that all we must prove is that we produced a client, or purchaser, willing and able, and that the ownership of the property was a personal matter between Mr. Zanger and his client; and that the ownership has nothing to do with this contract."

The plaintiff's second request to charge was as follows:

"I charge you that if you find that the party obtained by plaintiff was ready, willing, and able to carry out the terms of the agreement introduced, and was prevented from so doing by the acts of the defendant, then I charge you to bring a verdict for plaintiff for $5,000 and costs."

The position of the plaintiff is fairly disclosed by the following question and answer in his cross-examination:

*"Q.* You brought this paper, and considered that you earned $5,000?

*"A.* I certainly did; yes, sir."

Here he claims the' right to recover on a consummated contract.

Defendant's propositions are:

(1) Plaintiff is not entitled to recover, because he knew that Mr. Avery was "the owner of the property * * * interested in it * * * financially, to put up the building," and that the payment of commission to plaintiff was conditional upon the final acceptance of the offer by Mr. Avery.

(2) The maker of the offer, J. M. Ward, was never able to carry out his offer and to provide a $30,000 cash deposit," or "the indorsement of two first-class business men."

(3) The offer of J. M. Ward was not certain and complete, and the offer and acceptance thereof would not have constituted an enforceable contract.

Passing the first proposition and considering the second, we are of opinion that the man Ward, by his own undisputed testimony, was not able or ready to carry out his offer. He had at most but $5,000, and his testimony was very vague and unsatisfactory as to his having that amount. The whole matter of carrying out the terms of the offer was "in the air," so to speak.

It is conceded that the two "first-class business men" whose indorsement was offered were Harry E. Beecher and Charles J. Holton. The record shows that it was undisputed that they never authorized Ward or anybody to agree that they would either indorse or guarantee any lease or agreement whatever, or agreed to put any money into the proposition. They had made no binding agreement whatever.

The plaintiff seems to be of the opinion that his right to the commission was established when he brought a paper offer, and that it was not necessary to show that Ward was able and ready to carry out the terms of his offer. We do not so understand the law. In fact, by the statement of counsel in his objection to testimony, and in his request to charge, which we have copied above, it is conceded that, to

entitle plaintiff to recover, he must show that he produced a party "ready, willing, and able to carry out the terms of the agreement introduced." His failure to show this constituted an insuperable objection to his recovery. In *Evans* v. *Russell*, 180 Mich. 534 (147 N. W. 489), it was held that, where a plaintiff produced a purchaser able and willing to purchase and pay the price, he was entitled to recover. Nothing less would entitle him to recover. See, also, *Blakeslee* v. *Peabody*, 180 Mich. 408 (147 N. W. 570). None of the authorities cited by plaintiff's counsel would justify a recovery, in the absence of this evidence. For the reason above stated, we are of opinion that the trial court reached the correct conclusion, and did not err in directing a verdict for the defendant.

We also think that there was merit in defendant's third proposition; but we shall not discuss it, for the reason that what we have already said disposes of the case.

The judgment of the court below is affirmed.

BROOKE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.