KOFFMAN v. PACK.

1. BROKERS — COMMISSIONS — FAILURE OF SALE — NOTICE OF CONDITION OF TITLE—QUESTION FOR JURY.

In an action by a broker for his commission on the sale of real estate held by defendant and his wife by the entireties, where the sale was not consummated because the wife refused to sign, conflicting testimony as to whether the broker was told the condition of the title and that the wife's signature was necessary, *held*, to present a question of fact for the jury.

2. SAME—RIGHT TO RECOVER.

If the broker knew that the sale depended on the wife's signature, and the sale failed because she refused to sign, he is not entitled to recover his commission.

3. PLEADING — AFFIRMATIVE DEFENSES — NOTICE — BROKERS—COMMISSIONS.

Notice of the defense that the agreement to pay a commission on the sale of real estate was void under 3 Comp. Laws 1915, § 11981, not having been given with the plea as required by Circuit Court Rule No. 23, § 2, said defense is not available.

Error to Wayne; Goff (John H.), J. Submitted June 8, 1923. (Docket No. 129.) Decided July 19, 1923.

Assumpsit by Abraham J. Koffman against John A. Pack for commissions on the sale of real estate. Judgment for plaintiff on a directed verdict. Defendant brings error. Reversed.

*Joseph E. Pack,* for appellant.

*S. Homer Ferguson,* for appellee.

CLARK, J. Defendant Pack and his wife owned real estate in Detroit as tenants by the entireties. Plain-

tiff, a real estate broker, and one Hartman, after some preliminary discussion between the broker and defendant, went to defendant's office and exhibited to him an offer, in writing and signed by Hartman, to purchase the real estate on terms therein fully set forth. In writing the offer a partly printed form had been used on which was also printed a form of acceptance containing an agreement to pay commission, which, having been prepared for signature, was then and there signed by defendant.   We quote:

"Detroit, Mich., Sept. 23, 1919.

"I herewith accept the above offer and agree to sell upon the within terms and acknowledge receipt of five hundred dollars aforesaid as initial payment and further agree that the Wayne Realty Company are the brokers, who brought about the sale, and agree to pay them one thousand dollars for the services rendered.

(Signed) "JOHN A. PACK."

Defendant accepted Hartman's check for $500. There was testimony that before the signing of the acceptance plaintiff was told that the property was owned by defendant and his wife, and that "he would have to get both parties interested in the deal to close it."   Defendant testified that before signing "I told him that I would not sign until I saw my wife, and he said, 'Oh, sign it, and I will come over there tonight and see your wife,' " and

"Mr. Koffman never saw me privately, except the time when he was there with the agreement.   I did have a conversation with him before that regarding my wife; that was the time when my son told him, while I was there; I said the same thing, if my wife would not sign I could not sell the property, that is what I told him."

There was testimony that plaintiff called at defendant's home that evening and that Mrs. Pack refused to sign.   Plaintiff's testimony in substance is that he was not advised of Mrs. Pack's interest in the prop-

erty, of the facts as to the title, nor that her signature was necessary, and that he was told by defendant that the property was owned by him. Plaintiff admits calling at defendant's home some two or three days after September 23d, but he says his purpose was to get the abstract of title. The deal fell through for the reason stated. The check later was returned to Hartman. Plaintiff sued for commission. At the conclusion of the proofs both sides requested a directed verdict. A verdict for plaintiff was directed and judgment entered thereon for the amount of plaintiff's claim. Defendant brings error.

The trial judge declined to recognize an issue of fact upon the testimony above reviewed. Defendant's testimony in substance was that plaintiff was told, before and at the time of the signing, that the property was owned by defendant and his wife, that the deal could not be closed and the property could not be sold without her signature. Plaintiff's contradiction of such testimony made an issue of fact which has not been determined and, if the issue be resolved against plaintiff, he cannot recover.

In *Cain* v. *Masurette*, 196 Mich. 7, the plaintiff, a broker, sued for commission and it was held:

"While the weight of authority is to the effect that it is no defense to an action brought by an agent against his principal to recover commissions for negotiating a sale of land that the principal does not hold title to the land, or cannot convey a perfect title (see 19 Cyc. p. 240, and cases cited in note), yet the decisions generally hold that where a broker, who at the time he makes his contract with the owner, knows of defects in the employer's title, or who knows of facts sufficient to put a prudent person on inquiry, which, if followed with reasonable diligence, would have results in such knowledge, he is not entitled to recover where the sale failed because of such facts, unless it was the intention of the parties that the employer should subsequently perfect his title in order

to be able to perform.  4 R. C. L. p. 313, and cases cited in note.

"It should be borne in mind that defendant testified that, at the time of signing the option agreement, he told plaintiff that if it required his wife's signature he could not 'give it to them.' While this was denied by the plaintiff, yet it presented a question of fact that should have been submitted to the jury.  *Appleby* v. *Sperling,* 194 Mich. 681."

In *Appleby* v. *Sperling,* 194 Mich. 681, it was held, quoting from syllabus:

"In a suit for broker's commissions for the sale of lands under an agency contract in writing whereby defendant agreed 'to furnish abstract and tax history showing clear title,' where the prospective purchaser refused to accept the deed offered and the sale was not consummated, parol evidence that plaintiff's agent was informed of the reservation of the mineral rights by defendant's grantor, and that he assured defendant that his title was all right and not inconsistent with his agreement, was not inadmissible as tending to vary the terms of a written contract, said contract at that time not being required to be in writing.

"Where a real estate broker knew of the reservation of the mineral rights in defendant's deed, and his customer refused to buy defendant's farm because of such reservation, he did not produce a customer ready to accept the title which he knew defendant had, and was not entitled to recover, in a suit for the commission."

And we quote syllabus of *Gettleson* v. *Lewis,* 206 Mich. 113:

"A broker who has notice of a seller's restricted title is not entitled to a commission for the sale of the property which fails of consummation only because the buyer refused to take such restricted title.

"Where the question of the broker's notice of such restricted title was disputed, it should properly have been presented to the jury."

See, also, *Marlin* v. *Sipprell,* 93 Minn. 271 (101 N. W. 169).

In a note, L. R. A. 1915E, 718, a number of cases are cited holding that the broker's right to commission is not defeated by the refusal of the vendor's wife to join in a conveyance. In none of them, except the *Marlin Case* above cited, was the question here raised considered.

Defendant contends that the agreement to pay commission is void because of 3 Comp. Laws 1915, § 11981. Notice of this defense was not added to defendant's plea (Circuit Court Rule No. 23, § 2) and is therefore not available. *Clinton Grain Co.* v. *French*, 214 Mich. 447.

Judgment reversed, with costs to defendant. New trial granted.

WIEST, C. J., and FELLOWS, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.