## CHAS. W. EDDY & COMPANY v. IVERN B. HINCHMAN.[1]

December 21, 1923.

No. 23,637.

**Finding for real estate broker sustained.**
    1. The finding that plaintiff, a real estate broker, procured a purchaser for defendant's homestead is supported by the evidence.

[1]Reported in 196 N. W. 479.

**Wife's refusal to sign contract for homestead not a defense.**

2. . The refusal of defendant's wife to execute the contract of sale was not a defense to an action to recover for services rendered in procuring the purchaser.

**Evidence of plaintiff's knowledge.**

3. The evidence did not show conclusively that plaintiff knew that defendant's wife would not join in the sale of the family homestead.

Action in the municipal court of St. Paul to recover $200 for services as real estate broker. The case was tried before Conrad Olson, J., who ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Valdemar Hansen*, for appellant.

*Harry S. Locke*, for respondent.

LEES, C.

Action by a real estate broker to recover for services rendered in procuring a purchaser for defendant's homestead. The action was defended on two grounds: (1) That plaintiff did not procure the purchaser; and (2) that the sale fell through because defendant's wife refused to sign the contract with the purchaser. The court found in plaintiff's favor and defendant has appealed from the judgment.

Plaintiff testified that defendant employed him to sell the property; that he communicated with the purchaser; that a few days later defendant called him to his home; that the defendant, his wife and the prospective purchaser were present; that he conducted the negotiations between the parties, and, as a result, terms of sale were agreed upon and embodied in a contract prepared by plaintiff and executed by the purchaser and the defendant, but not by defendant's wife. Defendant introduced contradictory evidence. The trial court accepted plaintiff's version of the transaction, and the finding that plaintiff procured the purchaser must be sustained.

The rule that a contract for the sale of the family homestead is void unless it is signed by both the husband and the wife has no

application to this case. Plaintiff is seeking to compel defendant to pay him the reasonable value of services rendered in finding a purchaser for defendant's homestead and negotiating a sale thereof. His cause of action is not based on the void contract between defendant and the purchaser. The refusal of defendant's wife to execute the contract is not a defense. Marlin v. Sipprell, 93 Minn. 271, 101 N. W. 169. Note L. R. A. 1915E, 718.

The evidence was not conclusive that plaintiff knew that defendant's wife would refuse to join in the sale. Not only was she present when the negotiations with the purchaser were had, but there is evidence that she asked plaintiff to come to the house and act as her agent.

Judgment affirmed.