LADD *v.* BOLEMA.

1. HUSBAND AND WIFE—ESTATES BY ENTIRETIES—VENDOR AND PURCHASER—LAND CONTRACT EXECUTED BY HUSBAND AND WIFE WHILE HUSBAND MENTALLY INCOMPETENT UNENFORCEABLE AGAINST EITHER.

   A contract for the purchase of land executed by husband and wife while the husband was mentally incompetent, was not enforceable as to him, nor could it be enforced against the wife, since she acquired no interest in the land separate and apart from that of her husband, but the estate to be created by performance on the part of the vendor was one by the entireties.

---

As to what constitutes performance of contract by real estate broker to find a purchaser or effect an exchange of his principals' property, see annotation in 44 L. R. A. 593.

As to what constitutes ability to pay within rule as to broker's right to commissions, see annotation in 1 A. L. R. 528.

2. BROKERS—COMMISSIONS—WHEN BROKER ENTITLED TO COMMISSION—LAND CONTRACTS.

> Real estate brokers are entitled to their commission when they secure an acceptance of the owner's offer to sell on contract by "a purchaser ready and willing" to make the purchase for the price stated, and to "meet the other terms of the contract."

3. SAME—COMMISSION NOT COLLECTIBLE WHERE LAND CONTRACT UNENFORCEABLE.

> Brokers may not legally collect commission from the owner of land for its sale to husband and wife on contract, where the contract was unenforceable because of the mental incompetency of the husband.

4. SAME—BROKERS LIABLE FOR COMMISSION RETAINED BY THEM ON SALE OF LAND UNDER UNENFORCEABLE CONTRACT—DIRECTED VERDICT.

> In an action by a wife as assignee of vendor's claim against brokers for commissions retained by them on the sale of land to plaintiff and her husband on a contract which was unenforceable because of the husband's mental incompetency, and which was surrendered to plaintiff by vendor, a verdict in favor of plaintiff was properly directed.

Error to Muskegon; Vanderwerp (John), J. Submitted January 11, 1929. (Docket No. 108, Calendar No. 33,893.) Decided March 28, 1929.

Assumpsit by Goldie E. Ladd against Jacob Bolema and John Bolema, copartners as Bolema Brothers, for the commission paid on a sale of real estate. Judgment for plaintiff on a directed verdict. Defendants bring error. Affirmed.

*George S. Lovelace,* for appellants.

*Alexis J. Rogoski* and *R. Glen Dunn,* for appellee.

SHARPE, J. On May 6, 1925, Elizabeth Wright, acting as an authorized agent of the Bail estate, by an instrument in writing appointed the defendants her sole agents to sell or exchange certain property

in the city of Muskegon, for which they were to receive a commission in case of sale "of 5 per cent. on $8,500." The defendants placed a sign upon the property. The plaintiff noticed this, and by telephone asked defendants to call at the photograph gallery, where she and her husband were engaged in business, relative thereto. One of them did so, and plaintiff and her husband expressed their willingness to purchase the property for $8,500, of which $1,000 was to be paid as a down payment and a time fixed for the payment of the balance. The defendants on the day following secured from Mrs. Wright a contract to sell the property to plaintiff and her husband, as husband and wife, on the terms agreed upon, and presented it to them and secured their signatures thereto and a check, payable to defendants, for the down payment of $1,000, signed by plaintiff's husband. They deducted the 5 per cent., and gave their check to Mrs. Wright for the balance of $575, which she accepted.

It is conceded that plaintiff's husband, Charles A. Ladd, was at this time mentally incompetent. He had theretofore been adjudged insane, and on May 21, 1925, was committed to the State hospital at Traverse City, where he committed suicide about a month later. Plaintiff testified:

"My husband and I both signed the option after Mrs. Wright had signed it. Mr. Bolema can tell you that I objected to signing it at the last minute. I had to sign it, under the conditions; Mr. Ladd wasn't well, he was very excitable. We gave Mr. Bolema a check for $1,000 on Ladd & Son's account in the National Lumberman's Bank, signed by my husband. Mr. Bolema left one of the agreements with us and took one away. In less than a week I sent for Mr. Bolema to tell him that I had concluded to withdraw from that option. I don't remember the exact date

that I got the money back from Mrs. Wright. It was less than a week when I sent for Mr. Bolema and told him the thing could not go on, and he saw Mr. Ladd and saw his condition, and he assured me it would be all right and not to worry about it, that he had another person that was anxious to have the place. Mr. Bolema assured me that he had some one who wanted the place and my money would be refunded. Mr. Bolema came up to the studio after that to see me, and he didn't seem very anxious to do anything about it."

Plaintiff soon thereafter secured a surrender of the contract by Mrs. Wright and a return by her of the $575 which had been paid to her thereon. Mrs. Wright also executed and delivered to plaintiff an assignment of her right to recover from the defendants the $425 retained by them. Written notice thereof was given to defendants.

This action was brought by plaintiff to recover this amount. She had verdict by direction of the court. Defendants seek review by writ of error of the judgment entered thereon.

The instrument executed by Mrs. Wright was but an offer to sell to Mr. and Mrs. Ladd, as husband and wife. It was delivered by her to the defendants. They returned it to her, executed by the Ladds, and advised her that $1,000 had been paid thereon, of which sum they deducted their commission and paid to her $575. In doing so, they represented to her that the offer made by her in the written instrument had been accepted by Mr. and Mrs. Ladd, and that enforcement thereof might be had as against them. By reason of the mental condition of Mr. Ladd, although unknown to either Mrs. Wright or the defendants at the time, the contract could not have been enforced against him. Neither could it have been enforced against the plaintiff. The estate to

be created by performance on the part of Mrs. Wright was one by the entireties. The plaintiff did not acquire any interest in the contract which was separate and apart from that of her husband, and it could not be enforced against her separate estate. *Doane* v. *Feather's Estate,* 119 Mich. 691; *Jarzembinski* v. *Plodowski,* 225 Mich. 104. The defendants were entitled to their commission if they secured an acceptance of the contract offer by "a purchaser ready and willing" to make the purchase for the price stated, and to "meet the other terms of the contract." *Frischkorn Real Estate Co.* v. *Hinckley,* 227 Mich. 399; *Morgan* v. *Zanger,* 188 Mich. 212. If defendants had not received their commission, they could not have collected it from Mrs. Wright. No consideration passed to her for its payment, and she was legally entitled to have it repaid by defendants. This right passed to plaintiff under the assignment. There was no error in the direction of the verdict for plaintiff.

The judgment is affirmed.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.