## SHIFFMAN v. TURNER.

1. Brokers—Commissions—Contracts—Consideration.
   Execution of lease by landlord to lessees of doubtful financial ability, on broker's assurance that they were financially able to perform, afforded sufficient consideration for broker's agreement to wait for part of his commission until lessees demonstrated ability to perform.

2. Same—When Entitled to Commission.
   Broker is entitled to commission only when he produces person willing, ready, and able to perform.

3. Same.
   Broker is not entitled to commission for procuring tenants who executed 20-year lease but were unable to pay taxes agreed, unable to pay first month's rent, and never went into possession, since they were not able to perform.

Error to Wayne; Warner (Glenn E.), J., presiding. Submitted October 9, 1930. (Docket No. 46, Calendar No. 35,041.) Decided January 7, 1931. Rehearing denied April 7, 1931.

As to what constitutes performance by real estate broker of contract to find a purchaser or effect an exchange of his principal's property, see annotation in 44 L. R. A. 616; 1 A. L. R. 523.

Assumpsit by David J. Shiffman against Annie C. Turner for broker's commission for obtaining tenants. Judgment for defendant. Plaintiff brings error. Affirmed.

*Friedman, Meyers & Keys,* for plaintiff.

*Frederic T. Harward,* for defendant.

WIEST, J. In this suit plaintiff seeks to recover a commission, claimed to have been earned by him in procuring tenants for defendant's commercial premises at the northwest corner of Washington boulevard and Michigan avenue in the city of Detroit. The tenants were Louis R. Cohn and Israel Zilber.

Some time in January, 1929, the proposed tenants paid defendant $1,000, and were given a receipt which recited that $9,000 more should be paid at the time of the execution of a lease, and set up the terms of a lease for 20 years, and also stated:

"In consideration of the services rendered by David J. Shiffman in connection herewith, I agree to pay him the regular real estate board commission therefor payable in the following manner: One-third of such commission at the time of the payment of the additional nine thousand ($9,000) dollars; one-third thereof upon September 1, 1929, and one-third thereof on or before December 1, 1929."

Within a few days defendant's husband, who handled the matter, heard a rumor about a bankruptcy proceeding which led him to think that the proposed lessees might not be financially responsible, and, not wanting to execute a lease to them, he tendered back the $1,000, and, only upon assurance made by plaintiff that the proposed lessees were

financially able to perform the terms of the lease and that plaintiff would get no commission after the first payment of one-third thereof unless the proposed tenants carried out the terms of the lease, defendant executed the lease, and, upon receipt of the $9,000, wrote out the following receipt, and it was signed by plaintiff:

"4,666.66                              January —, 1929.

"Received of Annie C. Turner, the sum of four thousand six hundred and sixty-six and 66/100 dollars, being for one-third (1/3) of real estate commission as agent for effecting the foregoing lease, a like amount to be paid me on Sept. 1, 1929, and a further like amount to be paid me on Dec. 1, 1929, provided all conditions and terms of said lease as this day signed have been complied with by lessees on the dates said payments fall due, said last payment to be in full of all commissions due me."

Plaintiff admits signing the receipt, but claims that, while he glanced it over, he did not notice its terms. Under the evidence plaintiff is bound by the terms of the receipt unless the agreement therein, with reference to commission, was without consideration. Upon this question many cases are cited, but, in the last analysis, the law must be applied with reference to the particular facts before us.

Plaintiff claims that he procured for defendant tenants ready, willing, and able to lease the premises for the term of 20 years, beginning on the first day of September, 1929, to pay $20,000 to stand as security, to pay $50,000 per year for the first five years, $55,000 a year for the next ten years, and $60,000 a year for the last five years, and also pay all taxes, assessments, or levies, general and special, ordinary and extraordinary, including water rates,

and prior to July 25, 1929, pay defendant five-sixths of the taxes assessed against the premises for the year 1929–1930 for city taxes.

Defendant's suspicion that the lessees might not be financially able to perform the terms of the lease appears, by reason of subsequent events, to have been well founded. The lessees never took possession, and defaulted in the payment of the stipulated July taxes, and their lease was forfeited. It is evident that the lease would not have been executed except for the assurance made by plaintiff and his agreement to let two-thirds of his commission await demonstration of ability of the lessees to perform. Plaintiff, by the mentioned assurance and agreement, induced defendant to execute the lease. This afforded sufficient consideration for plaintiff's agreement. But beyond this, plaintiff did not procure tenants ready, willing, and able to enter into and perform the mentioned lease. In this jurisdiction we accord much significance to the ability of lessees to perform an undertaking brought about by the efforts of a broker and for the accomplishment of which he claims a commission.

As said by the circuit judge in his findings:

"The broker is entitled to a commission when he produces a person who is willing, ready, and able to perform his part of the contract. It is not sufficient that the customer is willing and ready, but is not able to consummate. Were Messrs. Cohn and Zilber able to fill their part of this agreement? They were not able to pay the taxes which they agreed to pay prior to July 25, 1929; they were not able to pay the rent for the first month; they did not obtain the key to the building or enter into possession of the property; their term as tenants did not commence. They were not able to perform and the plaintiff is not entitled to recover. *Morgan* v. *Zan-*

*ger,* 188 Mich. 212; *Frischkorn Real Estate Co.* v. *Hinckley,* 227 Mich. 399; *Ladd* v. *Bolema,* 246 Mich. 32; 4 R. C. L. p. 307, § 49.''

The judgment is affirmed, with costs to defendant.

BUTZEL, C. J., and CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.