## KOSTAN *v.* GLASIER.

1. BROKERS—COMMISSIONS—CONTRACTS—FINDINGS OF COURT—PRE-
PONDERANCE OF EVIDENCE.

Finding of trial court in effect that defendants had agreed to
pay real-estate broker a commission for the sale of their
property only when and if deal was finally closed and that
no deal ever was finally closed *held,* not against the clear
preponderance of the evidence.

2. CONTRACTS—INTENT.

Intentions of parties at time of entering into agency contract
for sale of real estate are controlling in the interpretation
of the contract.

3. BROKERS—COMMISSIONS—CURING DEFECTS IN TITLE.

A real-estate broker is entitled to commissions when he produces
a buyer for the premises with the title free from defects,
where, although the seller and broker both knew of the
defects, the seller had agreed to cure them.

4. SAME—COMMISSIONS—CONTRACTS—INTENT—EVIDENCE.

Parol evidence was admissible to explain intent of parties as
to clause inserted in real-estate broker's agency contract
that commissions would be "payable only when and if deal is
finally closed."

Appeal from Wayne; Murphy (Thomas J.), J.
Submitted April 7, 1953. (Docket No. 2, Calendar
No. 44,715.)  Decided October 5, 1953.

Assumpsit by Steven A. Kostan against Louis
Glasier and another for commission earned by pro-

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 4]  8 Am Jur, Brokers § 181.

ducing buyer for real estate. Judgment for defendants. Plaintiff appeals. Affirmed.

*Heal, Decley, LoCicero & Wilke,* for plaintiff.

*Harold Helper,* for defendants.

Dethmers, C. J. Plaintiff sued for commission for sale of real estate and from judgment of no cause for action appeals.

Each of the 2 defendants owned an undivided one-half interest in the property in question by the entireties with his wife. Plaintiff, a licensed real-estate broker, obtained authority from defendant Glasier to sell the property and, at the same time, learned from him that there were defects in the title and that the 2 wives had interests as tenants by the entireties. Glasier told plaintiff that he did not know whether the wife of defendant Grossman would agree to sell, that he would see her about it, but that she was interested in keeping the property for income purposes. Later plaintiff presented to Glasier a proposed preliminary purchase agreement signed by a prospective purchaser. At that time Glasier told plaintiff that he did not know whether he could prevail upon Mrs. Grossman to sign, but that he would sign on condition that he could insert in the agreement a provision that he would not be required to pay a commission if the deal were not closed, regardless of whether the failure to close were due to Mrs. Grossman's subsequent refusal to sign or otherwise. Accordingly, a provision was inserted into the purchase agreement by Glasier, with plaintiff's consent, which read as follows:

"Commission payable only when and if deal is finally closed."

Defendants thereupon accepted a $10,000 deposit, signed the agreements, kept 1 copy and gave the

other to plaintiff. The agreement fixed the date for
closing the deal at 3 months thereafter. When that
date arrived plaintiff and the prospective purchaser
tendered the balance of the purchase price as fixed
in the agreement, but defendants could not convey
because defendant Grossman's wife had not con-
sented to sign. Seven months later Mrs. Grossman
consented, but then the deal fell through because of
a dispute as to whether rent should be adjusted as
of that date or of the date 7 months earlier, which
had been contemplated by the agreement as the clos-
ing date. Such, substantially, are the facts as the
trial court found them. From an examination of
the entire record, containing some testimony of a
contradictory tenor, we cannot say that the evidence
clearly preponderates in the opposite direction.

Plaintiff cites *Hannan* v. *Prentis,* 124 Mich 417;
*McOmber* v. *Campion,* 219 Mich 604; and *Shiffman*
v. *Turner,* 253 Mich 73, for the proposition that a
real-estate broker becomes entitled to his commission
upon producing a purchaser ready, willing and able
to purchase on the terms contained in the agency
contract. Plaintiff admits that a broker is not en-
titled to a commission when the sale fails because of
the existence of defects in the seller's title, known
to the broker when the agency contract was made,
citing *Appleby* v. *Sperling,* 194 Mich 681; *Cain* v.
*Masurette,* 196 Mich 7; *Gettleson* v. *Lewis,* 206 Mich
113. Plaintiff, however, urges the exception to that
rule recognized in *Chapin* v. *J. E. Bolles Iron & Wire
Works,* 213 Mich 514; and *Frischkorn Real Estate
Co.* v. *Hoskins,* 226 Mich 30, that the broker's knowl-
edge of defects in seller's title will not bar his right
to a commission when the sale fails because of the
existence thereof, if, at the time of entering into the
brokerage agency contract, it was the mutual un-
derstanding between the seller and broker that the

seller subsequently would perfect his title in order to be able to perform.

A review of the mentioned cases establishes it as the uniform holding of this Court that the intentions of the parties at the time of entering the agency agreement are controlling. So, when the broker knew of the defects and it was the understanding that he would find a purchaser ready, willing and able to buy subject to the defects, no liability for a commission occurs until such a purchaser is produced. When, on the other hand, both the seller and broker know of defects, but the understanding is that the seller will cure the defects and that the broker will secure a buyer for the premises with title free from defects, then the broker is entitled to a commission when he produces such a purchaser.

What was the intent of the parties here when the agency agreement was made? Plaintiff says that defendant Glasier undertook and agreed to get Mrs. Grossman to join in the conveyance and that this fact is evidenced by the following: (1) The agency agreement provided for a closing date not within the usual 10, 20 or 30 days, but 3 months later; (2) Glasier testified that at the time of entering into the agreement he was not too alarmed about Mrs. Grossman and had said, "I will go to her and talk to her and see what I can do"; (3) the agreement provided that defendants would furnish an abstract showing marketable title and would convey by warranty deed; (4) the fact that Mrs. Grossman was persuaded to join in the conveyance 7 months later; (5) Glasier's admission in testimony that he had preferred to close the deal 7 months after the intended closing date, as that would bring it into a new fiscal year with income tax advantages to him. Defendant Glasier, on the other hand, says that the above-noted cases are authority for the admissibility into evidence of his testimony concerning his conversation

with plaintiff at the time of entering into the agency agreement; and that, in the course of that conversation, his statement to plaintiff that he did not know whether Mrs. Grossman would agree to sell or whether he could prevail upon her to sign and that for that reason he would have to insist upon inserting into the agreement the provision that commission should be payable only when and if the deal was finally closed, served to establish that there was no agreement on defendants' part that he would secure Mrs. Grossman's signature or pay plaintiff a commission regardless. Glasier's version of the facts would seem to bring the case within the meaning of *Koffman* v. *Pack,* 224 Mich 102, in which it was held that under such circumstances the broker is not entitled to his commission. The trial court believed and found in accord with Glasier's version. We find nothing in the record requiring disturbance of that finding.

Affirmed, with costs to defendants.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.