JAKEMS v. DITMAR.

Brokers — Commissions — Acceptance of Offer — Conditions —Question for Jury—Evidence.
  Motion for directed verdict by plaintiff real-estate broker in action for commission on acceptance of offer signed by defendant *held*, to have been improperly granted, a jury question having been presented, where there was a conflict of testimony as to whether or not instrument was signed unconditionally, defendant having pleaded and introduced testimony his execution of the instrument was conditional upon the wife's acceptance thereof.

Appeal from Kent; Verdier (Leonard D.), J. Submitted June 8, 1960. (Docket No. 12, Calendar No. 48,178.) Decided January 9, 1961.

Action by Robert C. Jakems against Menno Ditmar for real-estate broker's commission. Directed verdict for plaintiff. Defendant appeals. Reversed and remanded for new trial.

*Schmidt, Smith, Howlett & Halliday* (*Laurence D. Smith,* of counsel), for plaintiff.

*Warner, Norcross & Judd,* for defendant.

Souris, J. Plaintiff was a licensed realtor. Through his efforts prospective purchasers submitted to defendant and his wife a written offer to

REFERENCES FOR POINTS IN HEADNOTES
8 Am Jur, Brokers § 226.

purchase the home owned by them as tenants by the entireties. The instrument provided, among other things, for the payment by the sellers of a commission to plaintiff of 5% of the selling price. Defendant signed the instrument, in the space therein provided to signify acceptance of the offer, but his wife did not. She refused to sign and the sale was never made. Plaintiff filed this suit at law, specifically declaring upon the written instrument signed by defendant, to recover his realtor's commission. Defendant's answer admitted he signed the instrument, but alleged his acceptance of the offer and his agreement to pay plaintiff a commission were with the express understanding that they would not become effective unless his wife also signed the instrument. At the conclusion of all proofs, the trial judge granted plaintiff's motion for a directed verdict and judgment was thereupon entered against the defendant in the sum of $2,343.75.

Defendant's sole defense to the action was that his agreement to pay plaintiff a commission was conditional, and upon the failure of the stated condition to occur, he incurred no liability to plaintiff. It is thus defendant sought in the trial court, and here on appeal, to distinguish this case from *Max Broock, Inc., v. Walker,* 349 Mich 63. In *Max Broock, Inc.* v. *Walker* this Court upheld the right of a real-estate broker to a commission provided for in a listing agreement signed by only 1 tenant by the entireties who was unable to deliver a deed also signed by the other. There was no issue raised in that case, as there is here, that the defendant's undertaking was conditional. There, as here, all parties knew the property was entireties property, but unlike the case at bar, there was no claim that any conditions were imposed upon defendant's liability under the listing agreement. If defendant Ditmar did impose a con-

dition at the time of his execution of the instrument, such fact would distinguish this case from our ruling in *Broock* and would, as was said in *Rothstein* v. *Weeks,* 224 Mich 548, 555:

"place it within the class of contracts where each executes the agreement upon a clearly implied condition that it is to be executed by others named in it, and until executed by all it remains inchoate, incomplete, undelivered and unenforceable as to all."

Mr. Ditmar testified that he signed the instrument while his wife was in an adjoining room talking by telephone to another realtor and another prospective purchaser (who subsequently purchased the property). He testified as follows:

"*Q.* Where had Mrs. Ditmar gone?
"*A.* She was in the bedroom at that time making a telephone conversation with—
"*Q.* Was there anything said at or about the time of your signing the document?
"*A.* All I said after I got through, I said, Well, you will have to get Bea's signature, Mrs. Ditmar, still have to have Bea's signature."

Plaintiff and his customer testified that defendant unconditionally signed the instrument and his wife refused to do so when a higher offer was received by telephone immediately after defendant had signed. The trial court ruled that defendant's signature was unconditional in directing the verdict in favor of plaintiff. In this we think he erred. The evidence presented a disputed question of fact which, with appropriate instructions, should have been submitted for determination by the jury. The basic principles of law governing our decision in this matter are found in *Rothstein* v. *Weeks, supra; Koffman* v. *Pack,* 224 Mich 102; and *Kostan* v. *Glasier,* 337 Mich 287.

Reversed and remanded for new trial. Costs to defendant.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.