## ABBEY v. HUDGENS.

1. BROKERS—COMMISSION—CONTRACTS—STATUTE OF FRAUDS.

A contract for the payment of a real estate broker's commission is void under the applicable provisions of the statute of frauds as to the party sought to be charged when such contract lacks his signature (CL 1948, § 566.132).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 49 Am Jur, Statute of Frauds § 376 et seq.
  12 Am Jur 2d, Brokers § 31 et seq.
[2] 41 Am Jur, Pleading § 101.
[3, 5, 6] 41 Am Jur, Pleading §§ 155–160.
[4] 12 Am Jur 2d, Brokers § 163.

2. SAME—CONTRACTS—CONDITION PRECEDENT.

An exclusive contract for payment of real estate broker's commission, signed by husband alone, would not be void as to him, where it is not pleaded or shown that the wife's signature thereto was a condition precedent to making it enforceable.

3. PLEADING — COURT RULES — INTENT — AFFIRMATIVE DEFENSE— NOTICE.

It is the intent of the court rule relative to affirmative defenses to provide for fact pleading sufficient to give the plaintiff notice of the affirmative defense alleged (GCR 1963, 111.7).

4. BROKERS—EXCLUSIVE LISTING AGREEMENT—DISCLOSURE AS TO TITLE.

A real estate broker's listing contract giving the broker exclusive selling rights of and marketable title to the land described for a stated period, is enforceable by the broker who duly performs thereunder regardless of disclosure at the time of signing the agreement that the party obligating himself for payment of the commission is not the outright owner of the land contemplated for sale.

5. SAME—PLEADING—SPECIAL DEFENSES—AFFIRMATIVE DEFENSES.

Facts pleaded in defendant's notice of affirmative defense in suit to recover real estate broker's commission, which gave notice of defense of statute of frauds and stated further "that the realty in question was jointly owned by the defendant and his wife, who did not sign the alleged contract" held, not to give plaintiff sufficient notice of the defense that defendant's wife's signature was a condition precedent to the formation of the contract (CL 1948, § 566.132; GCR 1963, 111.7, 112.3).

6. PLEADING—AFFIRMATIVE DEFENSE—AMENDMENT AT TRIAL—PREJUDICE.

Denial of amendment to affirmative defense, sought by defendant at trial of action to recover real estate broker's commission, whereby defendant sought to aver that wife's signature to the agreement was a condition precedent to its validity held, proper, where defendant did not satisfy trial court that such failure to make a specific averment of nonoccurrence of a condition precedent would not be prejudicial to the objecting party (GCR 1963, 111.7, 112.3, 118.3).

Appeal from Macomb; Gallagher (Edward J.), J. Submitted Division 2 April 6, 1966, at Lansing. (Docket No. 952.) Decided October 25, 1966.

Complaint by Charles A. Abbey against Floyd Hudgens to recover a real estate broker's commission. Judgment for plaintiff. Defendant appeals. Affirmed.

*Fitzgerald, Walker, Conley & Hopping,* for plaintiff.

*Mihelich, Elmer, Dank & Kendall (Thomas M. McMahon,* of counsel), for defendant.

LESINSKI, C. J. Defendant Hudgens appeals from a judgment granted after trial by the court for plaintiff Abbey, a real estate broker, who sought to recover a commission on an exclusive sales agreement.

On August 20, 1963, the plaintiff and defendant entered into the six month exclusive sales agreement which is the subject of the action. Said agreement was to terminate on February 20, 1964. Plaintiff's commission, as stated therein, was to be $2,000. On September 16, 1963, defendant sold the property to a third party, without the plaintiff's knowledge. When the conveyance came to plaintiff's attention, he sought and was refused the commission previously agreed upon, and plaintiff instituted suit. The agreement, as prepared by plaintiff, was signed by the defendant. Under defendant's signature, plaintiff wrote the words "Hudgens' Wife." Mrs. Hudgens did not sign the agreement.

Defendant's answer to plaintiff's complaint gave notice of the affirmative defense of the statute of frauds; it further stated "that the realty in question was jointly owned by the defendant and his wife, who did not sign the alleged contract." The pretrial statement set forth the fact that the agreement was signed by the husband but not by the wife. De-

fendant sought, at the time of the trial, to amend his pleadings to identify the absence of Mrs. Hudgens' signature as a condition precedent to the taking effect of the listing agreement. This motion was denied. Said denial provides the basis for defendant's allegation of error on appeal. It is defendant's contention that his pleadings gave sufficient notice of the affirmative defense sought to be established to allow defendant to testify that his wife's signature was a condition precedent to the effectiveness of the agreement and that under these circumstances defendant was entitled to the amendment sought, the denial of which is here alleged to be an abuse of discretion by the trial court and reversible error.

Before this Court can reach the issue on appeal, it is necessary to clarify certain preliminary points. First, the applicable provision of the Michigan statute of frauds, CL 1948, § 566.132 (Stat Ann 1953 Rev § 26.922), states that contracts specified therein "shall be void, unless such agreement * * * be in writing and signed by the party to be charged therewith," and subsection 5 thereof specifies agreements for real estate commissions.[1] Thus it is apparent that a contract which falls under the statute is void as to the party sought to be charged when such contract lacks his signature. This must be distinguished from a situation in which there is a valid contract under the terms of which something remains to be done as a condition precedent to making the contract enforceable.

Second, neither this Court nor the appellee would argue with appellant's general analysis of GCR 1963, 111.7,[2] which, in essence, is that it was the

[1] "Every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate."

[2] ".7 Affirmative Defenses. A party shall in separate defenses set forth the facts constituting any affirmative defense, such as, contributory negligence, assumption of risk, payment, release, satisfaction, discharge, license, fraud, duress, estoppel, statute of frauds,

intent of the rule to provide for fact pleading suffi-
cient to give the plaintiff notice of the affirmative
defense alleged. The wording chosen to give this
notice in defendant's answer in the case at bar gave
adequate notice of an intention to rely upon the
statute of frauds.

Here, however, defendant is not seeking to rely
solely upon the statute of frauds, but rather to bring
his case within the law stated in *Jakems* v. *Ditmar*
(1961), 362 Mich 284. In the *Jakems Case,* defend-
ant's *answer* alleged the conditional nature of the
agreement he had signed. His defense, p 285, "was
that his agreement to pay plaintiff a commission was
conditional, and upon the failure of the stated con-
dition to occur, he incurred no liability to plaintiff."
This pleading and proving of a condition precedent
led the Court to distinguish that case from *Max
Broock, Inc.,* v. *Walker* (1957), 349 Mich 63.

In *Max Broock, supra,* the Court reversed the trial
court which had denied the broker the commission
therein sought to be recovered on a listing agree-
ment, where the wife's signature was missing and
the broker knew of the marriage. The Court said at
pp 65, 66:

"To set this recurrent issue to rest, [we] affirm
that a listing contract, in form as here declared
upon, is enforceable—as between the parties on due
performance by the broker—regardless of disclo-
sure at the time of signing that the party obligating

statute of limitations, illegality, want or failure of consideration in
whole or in part, that an instrument or transaction is void or voidable
in point of law, or cannot be recovered upon by reason of statute,
or by reason of nondelivery, and any defense which by reason of other
affirmative matter seeks to avoid the legal effect of or defeat the
claim set forth in the plaintiff's complaint in whole or in part, and
any ground of defense which, if not raised in the pleading, would be
likely to take the adverse party by surprise. When a party has
mistakenly designated a defense as a counterclaim or a counterclaim
as a defense, the court on terms, if justice so requires, shall treat
the pleading as if there had been a proper designation."

himself for payment is not outright owner of the land contemplated for sale."

In *Fields* v. *Korn* (1962), 366 Mich 108, the Court held the contract void under the statute of frauds, and allowed the plaintiffs to recover their down payment where the defendants who signed the acceptance of the offer to purchase were holders of an undivided one-half interest in the property and the holders of the other undivided one-half interest had not signed the acceptance. However, the Court was careful to distinguish the facts presented in the situation before it from others which might otherwise be inferred to fall within its holding. The Court stated at pp 109, 110:

"This is not an action to recover an allegedly earned broker's commission. It is not a suit for specific performance of an agreement to sell real estate. It is simple assumpsit to recover money paid on a contract which the applicable section of the statute of frauds says 'shall be void' (CL 1948, § 566.108 [Stat Ann 1953 Rev § 26.908]) for want of required signature of the parties to be charged."

*Fields, supra,* does not change the law as to the recovery of broker's commissions as set forth in *Max Broock, supra.* Therefore, unless it were possible for the defendant to bring himself within the law stated in *Jakems* v. *Ditmar, supra,* it is apparent that the plaintiff could maintain his action. The indispensability of pleading that Hudgens' wife's signature was a condition precedent to the •formation of the contract is also obvious.

It is in this context that this Court must determine if the facts pleaded in defendant's notice of affirmative defense gave plaintiff sufficient notice of the special matter upon which defendant now seeks to rely. It is our decision that it did not. As was said previously, it gave sufficient notice of the statute

of frauds defense. However, at this point we are concerned not only with GCR 1963, 111.7, dealing with affirmative defenses, but also with GCR 1963, 112, pleading special matters. GCR 1963, 112.3 reads:

"Conditions Precedent. In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. *A denial of performance or occurrence shall be made specifically and with particularity.*" (Emphasis supplied.)

In the light of the wording of the court rule, as well as the facts discussed previously, it can be said that pleading the statute of frauds put plaintiff on notice that defendant was prepared to prove that no valid contract existed between the parties because a necessary signature was lacking; however, it cannot be said that defendant sufficiently put plaintiff on notice that he was prepared to prove that the contract which otherwise would have been valid as between the parties was unenforceable because a "condition precedent"—namely, that defendant's wife did not sign the listing agreement—was not fulfilled. A failure to make a specific averment of nonoccurrence of a condition precedent in a case such as we have before us "would be likely to take the adverse party by surprise." GCR 1963, 111.7. The court properly denied the amendment requested by the defendant at trial, under GCR 1963, 118.3, since the defendant did not satisfy the court that the proofs sought to be admitted and the amendment of pleadings to conform to such proofs would not prejudice the objecting party in maintaining his action or defense upon the merits.

Judgment affirmed. Costs to appellee.

T. G. KAVANAGH and QUINN, JJ., concurred.