JOHN G. STRADLEY v. CHARLES ·J. PAILTHORP, ACTING CIRCUIT JUDGE OF CHIPPEWA COUNTY.

*Corporations—Foreclosure of mortgage—Fraud—Intervention by stockholder.*

Where a stockholder asks leave to intervene, and defend a fore-closure suit brought against the corporation, in which it has allowed an order *pro confesso* to be entered, on the ground of alleged fraud and collusion between the holders of the bonds which the mortgage was given to secure and the corporation, and of their fraudulent issue, he should place before the court in support of his application the sworn statements of those who are cognizant of the facts, and who make their affidavits upon actual knowledge.

*Mandamus.* Argued April 25, 1893.    Denied June 30, 1893.

Relator applied for *mandamus* to compel respondent to vacate an order denying leave to relator to intervene in a certain suit. The facts are stated in the opinion.

*Lawrence F. Bedford (John C. Donnelly*, of counsel), for relator.

*Goff & Cady*, for respondent.

GRANT, J.    The relator is a stockholder in the St. Mary's Falls Water-Power Company, a corporation organized under the laws of this State. He petitions for the writ of *mandamus* to compel respondent to vacate an order denying him leave to intervene in a suit in equity wherein Amos J. McClung, as trustee, is complainant, and said water-power company is defendant.

The company issued bonds to the amount of $41,000 and executed a mortgage, to secure them, to Mr. McClung,

as trustee.    The company defaulted in its payments, and
Mr. McClung, at the request of the bondholders, filed a
bill in equity to foreclose the mortgage.    The bill was filed
October 2, 1891.    The company made no defense, and an
order *pro confesso* was duly entered March 15, 1892.    June
18, 1892, the relator filed a petition in the circuit court,
praying that said order *pro confesso* be set aside, and that
he be allowed to intervene and answer the bill of com-
plaint filed therein.    At the same time he tendered an
unsworn answer, charging fraud and collusion between the
bondholders and the directors of the company, and that
the bonds were fraudulently issued.    His petition to inter-
vene was duly sworn to, but in it his charges of fraud and
collusion are based entirely upon information and belief,
and it contains no facts upon which his charges are made.
In his proposed answer he denies that the bonds were
issued for the purpose of purchasing or paying for any
right of way, or in pursuance of any resolution of
the company; alleges that they were issued for the
fraudulent purpose of creating a debt against said com-
pany; that the money obtained for said bonds was not
used for the purpose of buying right of way, and that the
secretary of the company was not a stockholder at the
time he signed the bonds; that the purchase of an
additional right of way was not authorized by a vote of
the stockholders or directors, nor were the bonds so
authorized.    He also alleges that the banks, who are
holders of some of said bonds, are not *bona fide* innocent
purchasers and holders; that the chief officers of the banks
were stockholders in the company; and that some of the
officers of the banks were also directors in the company.
The answer then proceeds to allege misconduct, misman-
agement, and misappropriation of the fund on the part of
the directors of the company.

    To this petition to intervene, Mr. McClung filed a sworn

answer, to which were attached copies of the proceedings of the meetings of the stockholders and directors at which the mortgage and bonds were authorized, and also a sworn statement of the expenditures of the money received on the bonds, and a copy of the certificate of the stock of the secretary, showing that he was a director of the company.

The respondent returns that it was admitted by petitioner's solicitor, in open court, upon the hearing of the petition, that the water-power company actually sold the bonds in question, and received the money therefor.     He also returns that he became satisfied, from an examination of the petition and answer, and the papers filed in connection therewith, that the mortgage and bonds were valid, and in every way lawful, regular, and duly authorized; that their issue was ratified by the stockholders May 20, 1890; and that they were given, sold, and bought in good faith, for a valuable consideration, and that the proceeds thereof were received, and applied to the purposes authorized in the issue thereof.     The record evidence produced at the hearing of the petition was directly contradictory of many of the assertions made in the proposed answer.     The respondent also says, in his return, that he denied the application because it appeared from the evidence that justice would be promoted by so doing.

The relator, during all this time, was a resident at Sault Ste. Marie.     He was a director in one of the banks which purchased $5,000 of the bonds.     He was editor or proprietor of a newspaper in which the notices of the various proceedings were published.     Previous to filing the petition in this case, he had filed a bill in chancery charging the directors with the mismanagement, etc., above referred to. That suit is still pending.     Of course the misappropriation of the funds would not affect the validity of the bonds, unless the bondholders were parties to such misappropriation.

In cases of this character the facts claimed as a basis of a charge of fraud should be specifically and fully set forth in the pleadings.    Legal proceedings will not be restrained upon statements made upon information and belief.    When a party desires to restrain such proceedings, and especially after a delay, when he appeals to the conscience and discretion of the court, he should place before it the sworn statements of those who are cognizant of the facts, and make their affidavits upon actual knowledge. If it be said that the case involves large interests, it will be replied that all the more is it the duty of the party applying to be heard, and to secure the delay and stay of the proceedings, to state facts which will convince the court that he has a meritorious case, and that his delay is excused.

We do not think that the respondent abused the discretion reposed in him by the law, and the writ must be denied, with costs.

The other Justices concurred.