## LABAR v. COOPER.

1. PLEADING—AMENDMENT.

An amendment of a pleading relates back to the date of the original pleading whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, since the opposite party has been made aware of the claim sought to be enforced (GCR 1963, 118.1, 118.4).

2. SAME—AMENDMENTS.

Amendments to pleadings should be decided on their merits, not on technicalities (GCR 1963, 118.1, 118.4).

3. COURTS—COURT RULES—AMENDMENT OF PLEADINGS.

The new court rules apply to amendments sought to be made following the effective date of the rules, to pleadings filed before the effective date (GCR 1963, 14, 118.1, 118.4).

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  41 Am Jur, Pleading § 315.
[2]  41 Am Jur, Pleading §§ 288, 294.
[3]  41 Am Jur, Pleading § 296.
    20 Am Jur 2d, Courts § 85.
[4]  41 Am Jur, Pleading § 305.
[5]  41 Am Jur, Pleading § 292.
[6]  41 Am Jur, Pleading § 293.

4. PLEADING—AMENDMENT—MALPRACTICE.

Denial of amendments to plaintiffs' complaints in actions arising out of defendants' alleged malpractice *held*, improper, where they were based on the same transaction, and gave no occasion for claim of surprise, but merely sharpened the precise issue in order that defendants might know the legal theories upon which plaintiffs were proceeding (GCR 1963, 118.1, 118.4).

5. SAME—AMENDMENT.

Amendments to pleadings shall be freely given when justice so requires (CLS 1961, § 600.2301; GCR 1963, 118).

6. SAME—AMENDMENT—REMAND—DISCRETION OF COURT.

Orders denying plaintiffs the right to amend their complaints in actions arising from defendants' alleged malpractice in injuring radial nerve in plaintiff wife's arm are reversed and case remanded with direction that if the amendments are again denied, such exercise of discretion be supported by specific findings as to reasons for such denial (GCR 1963, 118).

Appeal from Van Buren; Anderson (David J.), J. Submitted June 10, 1965. (Calendar Nos. 16, 17, Docket Nos. 50,884, 50,885.) Decided October 4, 1965.

Declaration by Henry LaBar against Joseph E. Cooper and Kathleen Deja for alleged malpractice in the injection of plaintiff's wife's arm. Similar action by Lois LaBar. Plaintiffs' motions to amend declarations denied. Plaintiffs appeal. Reversed and remanded.

*Doyle, James & Dark,* for plaintiffs.

*Howard & Howard (William J. Howard,* of counsel), for defendants.

ADAMS, J. These are husband and wife companion cases for alleged medical malpractice. The claim of injury to Mrs. LaBar arises out of an intermuscular shot which was administered July 30, 1960,

in the upper arm, allegedly damaging the radial nerve.

Suits were begun March 27, 1962. Pretrial was completed January 17, 1963. The cases were ready at the November, 1963, term. Plaintiffs requested adjournment to the January, 1964, term which was granted upon stipulation.

The deposition of defendant Joseph E. Cooper was taken on May 16 and May 27, 1963. He testified:

"*Q*. And Doctor, when you mention shots being given in the upper arm, where is the acceptable place in the upper arm for administering intermuscular shots?

"*A*. Personally acceptable or medically acceptable?

"*Q*. Medically acceptable.

"*A*. Medically acceptable is usually in the upper half of the arm; mostly it is recommended if it must be given in or near the tip of the deltoid muscle. I personally do not adhere to this and haven't for many years. My training was to give intermuscular shot in the glutaneous area since it is much less apt to cause pain and discomfort and there's remote or slight chance of any nerve injury."

He could not remember giving any orders as to where Mrs. LaBar was to receive the shot. Prior to when she was given it, he had expressed himself, time and again, to the nursing staff about the proper place for administering such a shot.

"The reason for my mentioning it was that even in the doctors' offices in the area, this is, the upper arm is the popular spot to receive injections and having observed many many sore arms and lumps as the result of injections in this area and having been taught, where I was schooled, that this was not the proper or the best place to give them, I frequently expressed my opinion as I was taught

and for the reason I've seen many sore arms, I could see no reason for it when the injection could go equally as well in the buttocks."

Before the doctor's deposition was taken, the plaintiffs' allegations of malpractice had consisted primarily of a charge that defendants negligently injected or caused to be injected a needle in Mrs. LaBar's arm which damaged the left radial nerve, causing nerve palsy and ensuing injuries.

Two weeks before the January, 1964, term was to begin, and some six months after Dr. Cooper was deposed, plaintiffs' attorneys moved to amend the declarations, primarily to charge Dr. Cooper with general acts of negligence in sending Mrs. LaBar to the hospital when he knew the standard of care employed by the nurses was faulty and that shots were administered by them in a dangerous place. The trial judge denied the motions and this Court granted leave to appeal.

## I.

The trial judge stated:

"Prior to filing the motions the statute of limitations, both as to malpractice and ordinary negligence, had run. Prior to the effective date of GCR 1963, the motion would have been denied, because of the running of the statute."[1]

Michigan General Court Rules 118.1 and 118.4 read as follows:

".1 Amendments. A party may amend his pleading once as a matter of course at any time before or within 15 days after a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not

[1] CLS 1961, § 600.5805(3) (Stat Ann 1962 Rev § 27A.5805[3]).—REPORTER.

been placed upon the trial calendar, he may amend it at any time before or within 15 days after it is served. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party. *Leave shall be freely given when justice so requires.* All amendments shall be filed in writing, dated, and numbered consecutively. Unless otherwise indicated therein, an amended pleading shall supersede the former pleading." (Emphasis supplied.)

".4  Relation Back of Amendments.  Except for the purpose of demanding a trial by jury under sub-rule 508.2, the amendment relates back to the date of the original pleading *whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."* (Emphasis supplied.)

GCR 1963, 118 is an adoption of Federal Rule 15. The purpose of its adoption is stated by Honigman and Hawkins, 1 Michigan Court Rules Annotated, page 416:

"The relationship between the original pleading and a proposed amendment becomes important when the date of filing the amendment raises a question of limitations.  The doctrine of 'relation back' was devised by the courts to associate the amended matter with the date of the original pleading, so that it would not be barred by the statute of limitations. But some restrictions had to be placed upon the doctrine, or claims clearly barred could be resurrected by pleading them in an amendment to an unrelated claim which was not barred.  Previous Michigan cases had set this restriction in terms of whether the amended matter involved a new cause of action.

"Sub-rule 118.4 is intended to introduce a more liberal and workable test, borrowed from the Federal rules.  See committee comment (5), *supra.*  The test is no longer conceptual, but rather functional.

The amendment relates back to the date of the original pleading and, therefore, is not barred by limitations, whenever the claim or defense asserted in the amendment arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. *It is thus beside the point that the amendment introduces new facts, a new theory, or even a different cause of action, so long as it springs from the same transactional setting as that pleaded originally.* The new test satisfies the basic policy of the statute of limitations, because the transactional base of the claim must still be pleaded before the statute runs, thereby giving defendant notice within the statutory period that he must be prepared to defend against all claims for relief arising out of that transaction." (Emphasis supplied.)

Defendants place great stress upon their substantive rights by virtue of the statute of limitations, asserting that the Supreme Court lacks the power to change by court rule the substantive law. Mr. Justice Black, speaking for the United States Supreme Court, in the case of *Tiller* v. *Atlantic Coast Line Railroad Company* (1945), 323 US 574, 581 (65 S Ct 421, 89 L ed 465) said:

"The original complaint in this case alleged a failure to provide a proper lookout for deceased, to give him proper warning of the approach of the train, to keep the head car properly lighted, to warn the deceased of an unprecedented and unexpected change in manner of shifting cars. The amended complaint charged the failure to have the locomotive properly lighted. *Both of them related to the same general conduct, transaction and occurrence which involved the death of the deceased. There was therefore no departure. The cause of action now, as it was in the beginning, is the same — it is a suit to recover damages for the wrongful death of the deceased.* 'The effect of the amendment

here was to facilitate a fair trial of the existing issues between plaintiff and defendant.' *Maty* v. *Grasselli Co.,* 303 US 197, 201 (58 S Ct 507, 82 L ed 745). *There is no reason to apply a statute of limitations when, as here, the respondent has had notice from the beginning that petitioner was trying to enforce a claim against it because of the events leading up to the death of the deceased* in the respondent's yard." (Emphasis supplied.)

We adopt the above reasoning of the United States Supreme Court.

Federal courts uniformly hold that amendments, which conform to FRCP 15, should be decided on their merits, not on technicalities. *Copeland Motor Co.* v. *General Motors Corp.* (CA 5), 199 F2d 566, 567, 568; *Cooper* v. *American Employers' Insurance Company* (CA 6), 296 F2d 303, 306. For a recent application of this rule, see *Link Aviation, Inc.,* v. *Downs* (1963), 117 App DC 40, 42 (325 F2d 613, 615), and the cases cited therein. See, also, the discussion in *United States* v. *Memphis Cotton Oil Co.,* 288 US 62, 67–69 (53 S Ct 278, 77 L ed 619); 3 Moore's Federal Practice, § 15.02[1], p 814; 1A Barron and Holtzoff, § 442, p 712.

Under prior decisions, before adoption of the General Court Rules of 1963, we have generally followed the rule that an amendment which states a new cause of action is barred. *Gorman* v. *Newaygo Circuit Judge,* 27 Mich 138, 140; *Michigan Central R. Co.* v. *Kalamazoo Circuit Judge,* 35 Mich 227; *Nugent* v. *Kent Circuit Judge,* 93 Mich 462, 463; *Wingert* v. *Wayne Circuit Judge,* 101 Mich 395, 397; *Bockoff* v. *Curtis,* 241 Mich 553, 558; *O'Rourke* v. *Deffenbaugh,* 280 Mich 407, 414, 415; *Talbot* v. *Stoller,* 366 Mich 296, 301. However, in adopting new court rules it was our intention to depart from some of the strictures of the old rule and to permit an amendment which arises "out of the conduct,

transaction, or occurrence set forth or attempted to be set forth in the original pleading." GCR 1963, 118.4. The test, therefore, is no longer whether an amendment states a new cause of action, but is whether it arises out of the conduct, transaction, or occurrence alleged in the original pleading sought to be amended. From the effective date of the new court rules,[2] the old rule cited in the cases immediately above was meant no longer to be followed. Accordingly, the new court rules govern in this case.

## II.

If the amendments were not barred by the running of the statute of limitations, there remains the question of exercise of discretion by the trial judge. Defendants also opposed the motions on the ground that the cases had been pretried, placed on the calendar, and adjourned over one term at the request of the plaintiffs.

The trial judge stated:

"Granting of the motions would require the allowance of additional time to defendants to answer, require further discovery depositions subjecting defendants to further expense in attending or participating or to peril of nonattendance, and the possibility of further delay through requests for further pretrial conference. The transaction occurred nearly 4 years ago. The case should be heard and disposed of before time dims further the memories of witnesses."

There is nothing in the record before us to support the judge's statement that further discovery depositions would be required. No such claim was made by counsel for either of the parties. It would appear that all medical witnesses had been deposed. Fur-

2 See GCR 1963, 14.—REPORTER.

ther pretrial would at best be summary and could be disposed of quickly. There can be no claim of surprise. The testimony upon which plaintiffs' new theory is based comes from defendant Cooper's own mouth. The amendments were based upon the same transaction as the original declaration. They merely sharpened the precise issue of malpractice or negligence in order that defendants might know the legal theories upon which plaintiffs were proceeding. From the record before us, no reason appears why the amendments could not have been allowed and the cases tried as scheduled.

It should always be borne in mind that GCR 1963, 118 provides that leave to amend shall be freely given when justice so requires, and that RJA § 2301 (CLS 1961, § 600.2301 [Stat Ann 1962 Rev § 27A-.2301]) provides for amendment either in form or substance for the furtherance of justice.

While the conclusions upon which the trial judge based his exercise of discretion are before us, his findings are not. Consequently, we are unable to say whether he exercised his discretion properly. The cases are remanded to the trial judge for further disposition in the light of this opinion. In the event the motions are denied, such exercise of discretion should be supported by specific findings as to reasons for the same.

Reversed and remanded. Costs to appellants.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, and O'HARA, JJ., concurred.