TRI-PART MANUFACTURING COMPANY *v.* MICHIGAN
CONSOLIDATED GAS COMPANY.

SOBOTA *v.* SAME.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—NEGLIGENCE—CON-
TRIBUTORY NEGLIGENCE—EVIDENCE.

Claims of error arising from rulings of trial court whereby plain-
tiff was unable to introduce any evidence of defendant's negli-
gence and permitted to rebut allegations of its own contribu-
tory negligence, introduce evidence of damages, and not to
present evidence of reckless misconduct of defendant so as to
counter any proof of contributory negligence *held*, unnecessary
to dispose of appeal, where case is remanded for amendment
of pleadings.

2. SAME—QUESTIONS REVIEWABLE—GROSS NEGLIGENCE.

Determination as to whether error was committed by trial court's
discretionary denial to plaintiff of a return of case to pretrial
status so as to frame an issue in the context of gross negli-
gence *held*, unnecessary, where case is remanded for amend-
ment of pleadings.

3. PLEADING—AMENDMENT.

Determination as to whether an amendment to a complaint may
be permitted is no longer dependent upon whether the amend-
ment states a new cause of action barred by the statute of
limitations but whether it arises out of the conduct, transac-
tion, or occurrence alleged in the original pleading sought to
be amended (GCR 1963, 118.4).

4. GAS—AMENDMENT OF PLEADING—NEGLIGENCE—CONTRIBUTORY NEG-
LIGENCE—GROSS NEGLIGENCE.

Action against gas company for injuries sustained from ex-
plosion of gas is remanded to give plaintiffs an opportunity

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 702 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 760 *et seq.*
[3] 34 Am Jur, Limitation of Actions § 260 *et seq.*
Amendment after limitation period of allegations of negligence
as stating new cause of action. 171 ALR 1087.
[4] 38 Am Jur, Negligence §§ 178, 179.
[5] 41 Am Jur, Pleadings § 293.

to present amendment of complaint so as to allege gross negligence of defendant which, at time of trial, admitted negligence and obtained order of trial court limiting plaintiffs to proof of damages, and rebuttal of defendant's assertion of contributory negligence, and denying plaintiffs permission to prove reckless misconduct so as to counter contributory negligence (GCR 1963, 118.4).

5. PLEADINGS—AMENDMENT—DISCRETION OF COURT.

The trial court's denial of a motion to amend pleadings, an exercise of discretion, should be supported by specific findings as to reasons therefor (GCR 1963, 118.4).

Appeal from Wayne; Neuenfelt (Lila M.), J. Submitted Division 1 October 7, 1965, at Detroit. (Docket Nos. 544, 545.) Decided November 15, 1965.

Declaration by Tri-Part Manufacturing Company against Michigan Consolidated Gas Company for damages caused by defendant's alleged negligence in failing to prevent flow of escaping gas, which subsequently caused an explosion, into plaintiff's building. Similar declaration by Max Sobota for injuries arising in the same explosion. Cases consolidated for trial. After pretrial conference, defendant admitted guilt as to ordinary negligence and moved to limit plaintiffs' proofs to rebuttal of evidence of contributory negligence and to proof of damages. Motion granted. Plaintiffs asserted that the pleadings alleged gross negligence and moved to permit introduction of testimony as to gross negligence or, in the alternative, plaintiffs moved to amend their complaints to allege gross negligence, and to return the cases to the pretrial docket. Motions denied. Plaintiffs appeal. Reversed and remanded.

*Bernard J. Fieger*, for plaintiffs.

*A. D. Ruegsegger (Dyer, Meek, Ruegsegger & Bullard*, of counsel), for defendant.

Fitzgerald, J.   This consolidated appeal arises from a gas explosion and subsequent fire which occurred in Detroit in 1960.   Plaintiffs charged that defendant gas company was negligent in failing to seal a gas service line into the building occupied by Tri-Part Manufacturing and that it failed to inspect the line, test the line, or take immediate steps to stop the flow of escaping gas into the building.

Defendant gas company charged contributory negligence in failing to notify it that gas was leaking into the building and in failing to take other proper steps to protect from injury as a result of the explosion.

The issue before this Court involves the trial procedure to be followed in the Wayne county circuit court.

Pretrial conference on the cases had been held and when the matters were called for trial in December, 1964, defendant gas company stated to the court that it was ready to admit that it was guilty of ordinary negligence.   Defense counsel moved the court to limit the plaintiff's proof to rebuttal of any proof offered by defendant to show contributory negligence of plaintiffs and the damages suffered by them.   This motion was granted.

Plaintiffs then asserted that the complaint contained sufficient allegations to uphold a charge that defendant had been guilty of gross negligence and to permit introduction of evidence thereon.   Specifically, the complaint stated that the defendant "recklessly and negligently, violated said duties in the following respects:" and set forth the circumstances of the duties.

The court held that the complaint did not plead gross negligence and further denied motions to amend and to return the matter to the pretrial docket.

These consolidated appeals followed the trial court's ruling.

It is obvious that plaintiff in each of these cases was catapulted into an excruciating position by the trial strategy of defendant and subsequent rulings of the court.

First, plaintiff found itself unable to introduce any evidence of defendant's negligence and permitted only to rebut allegations of its own contributory negligence and to introduce evidence of damages.

Second, plaintiff was not permitted to venture into the realm of reckless misconduct of defendant and thus counter any proofs of contributory negligence.

Third, plaintiff was not permitted to amend to assert reckless, wilful, and wanton misconduct on the part of the defendant since the trial court ruled that this would be an assertion of a new cause of action after the running of the statute of limitations.

Fourth, plaintiff was denied a return to pretrial where another effort could have been made to frame the issue in the context of gross negligence.

The first two allegations of error were supported by judicial findings and the fourth was a matter of judicial discretion and an examination of them is not necessary for disposition of this appeal.

The third point, however, compels us to remand these cases for further proceedings in accord with the holding in *LaBar* v. *Cooper* (1965), 376 Mich 401, decided by the Supreme Court in the same month that the instant case was argued before this Court.

*LaBar* held specifically that amendments arising "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading" (GCR 1963, 118.4) are not barred by the statute of limitations. This is directly opposite

from the basis assigned by the trial court for denying the plaintiff's motion to amend.

The trial court's order of December 29, 1964, must yield to the holding in *LaBar* that the interpretation of GCR 1963, 118.4 is that the test is no longer whether an amendment states a new cause of action but whether it arises out of the conduct, transaction, or occurrence alleged in the original pleading sought to be amended.

*LaBar* further explores the question of exercise of discretion by a trial judge. The statement (p 409), "From the record before us, no reason appears why the amendments could not have been allowed and the case tried as scheduled," applies with equal vigor here, subject to reasonable time limitations.

Only by a re-examination of plaintiff's motions to amend, viewed in the light of the holding in *LaBar*, can these cases proceed in an orderly manner. As stated there (p 409), "In the event the motions are denied, such exercise of discretion should be supported by specific findings as to reasons for the same."

Reversed and remanded. Costs to appellants.

LESINSKI, C. J., and J. H. GILLIS, J., concurred.