BURG *v.* B & B ENTERPRISES, INC.

1. PARTIES—INTERVENTION BY STOCKHOLDER—ACTION AGAINST CORPORATION.
    Intervention as a matter of right by stockholder in suit against the corporation requires showing that corporation is not adequately defending the stockholder's interests (GCR 1963, 209-.1[4]).

2. SAME—INTERVENTION—COMMON ISSUE OF LAW OR FACT—DISCRETION OF COURT.
    Right to intervene should be granted, where there is a common question of law or fact, unless court in its discretion determines that intervention would delay or prejudice the adjudication of the rights of the original parties (GCR 1963, 209.2).

3. SAME—INTERVENTION—COMMON ISSUE OF LAW OR FACT—PREPONDERANCE OF EVIDENCE.
    Determination by trial court that there was no issue of fact or law common to the claim of petition to intervene and that

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur, Parties § 69.
   19 Am Jur 2d, Corporations §§ 574, 575.
[2] 39 Am Jur, Parties §§ 55-57, 75.
[3] 39 Am Jur, Parties § 75.
[4] 39 Am Jur, Parties § 123.
   41 Am Jur, Pleading §§ 288, 293.
[5] 41 Am Jur, Pleading § 294.

of the plaintiff in the case *held,* in conflict with the preponderance of evidence in deposition, interrogatories, and pleadings, making denial of intervention an abuse of discretion (GCR 1963, 209.2).

4. PLEADING—AMENDMENT—DISCRETION OF COURT.
Leave to amend should be freely given unless court finds that justice would not be served by the amendment (GCR 1963, 118.1).

5. SAME—AMENDMENT—DISCRETION OF COURT.
Amendment of answer in action for repayment of debt should have been granted where deposition, interrogatories, and pleadings reveal that justice would be served thereby (GCR 1963, 118.1).

Appeal from Oakland; Thorburn (James S.), J. Submitted Division 2 November 4, 1965, at Lansing. (Docket No. 291.)   Decided March 22, 1966.

Complaint by Saul Burg against B & B Enterprises, Inc., a Michigan corporation, for failure to repay loans of money.  Defendant's motion to amend answer and state a counterclaim denied.  Motion by Jean Burg to intervene as defendant denied. Summary judgment for plaintiff.  Defendant appeals.  Reversed and remanded.

*Schon & Wise* (*Stanley E. Wise,* of counsel), for plaintiff.

*Watson, Lott & Wunsch* (*Fred H. Keidan,* of counsel), for defendant.

T. G. KAVANAGH, J.  This is an appeal from a summary judgment for plaintiff following the denial of a motion for leave to file an amended answer and counter complaint and a motion for leave to intervene.

The complaint alleged a loan of money to defendant and demand and refusal to repay. The answer was a simple denial.

After a considerable time—almost a year—during which a deposition was taken, a request for admission of facts and genuineness of documents was made and answered, and written interrogatories presented and answered, the motion for summary judgment was made by plaintiff. At the hearing on such motion the defendant made the motion for leave to amend and a third party moved for leave to intervene.

The answer to plaintiff's interrogatories and the deposition of Jean Burg, a 50% stockholder in defendant corporation, was to the effect that plaintiff owed Jean Burg approximately $20,000 and that the payment by plaintiff to defendant corporation was in discharge of this obligation.

The petition for leave to intervene alleged facts establishing the same charge and constituted the basis for the defendant's proposed amended answer and cross complaint.

We will treat the court's ruling on the motion to intervene first. The motion averred that the petitioner, as a substantial (50%) shareholder in defendant corporation, would be adversely affected by a judgment against the corporation, and that the petitioner personally had a claim against plaintiff which had questions of law and fact common to the main action.

Motions for leave to intervene are governed by GCR 1963, 209, the pertinent part of which reads:

".1 Intervention of Right. Anyone shall be permitted to intervene in an action     *     *     *

"(4) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject

to the control or disposition of the court or officer thereof.

".2 Permissive Intervention.   Upon timely application anyone may be permitted to intervene in an action   *   *   *

"(2) when an applicant's claim or defense and the main action have a question of law or fact in common.

"In all cases the court, in exercising its discretion, shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

We believe the right to intervene contemplated in GCR 1963, 209.1(4) asserted by a stockholder in a suit against the corporation in which the stock is owned, must be established by a showing that the corporation is not adequately defending the stockholder's interest.   This is necessary in order to show that he is "so situated" as required.   We feel this is in line with the rationale set forth in 18 CJS, Corporations, § 560, p 1276; *City of Detroit* v. *Dean* (1883), 106 US 537 (1 S Ct 560, 27 L ed 300); and *Stradley* v. *Chippewa Circuit Judge* (1893), 96 Mich 287.

Accordingly it cannot be said that the petitioner could intervene as a matter of right.

However, the common question of law and fact alleged should be the basis for granting the motion for leave to intervene unless the court in his discretion determines that the intervention would unduly delay or prejudice the adjudication of the rights of the original parties.

In his opinion the court stated that, "The third paragraph recites a legal conclusion that the main action has questions of law or fact in common."

If this be a determination by the court that there is no issue of fact or law common to the claim of intervenor and that of the plaintiff in the instant

suit we find it in conflict with the preponderance of evidence in the deposition, interrogatories, and pleadings, and hence erroneous.

A denial on such basis we deem an abuse of discretion. Leave to intervene should have been granted.

The denial of defendant's motion to amend his pleadings also appears to us to be an abuse of discretion.

The court stated in his opinion:

"The only reason advanced in the pleading for filing at this late date of an amended answer and counterclaim is in paragraph 2, to the effect that the law firm in question has assigned this case from one lawyer to another within that firm."

This does not in our view fairly evaluate the following paragraphs of the motion:

"1. That the filing of an amended answer and counterclaim is essential and necessary, so that at the trial of this cause the defendant can fully and fairly present its defenses and claims and it can be in a position to prove the same.   *   *   *

"4. That in his interviews and conferences with shareholders of the defendant, defendant's current attorney discovered facts which require a further and better statement than is currently set forth in the answer filed herein."

On the contrary, we believe that the language of GCR 1963, 118.1, "Leave shall be freely given when justice so requires," imposes a limitation on the discretion of the court necessitating a finding that justice would not be served by the amendment. Here there is a preponderance of evidence in the pleadings, depositions, interrogatories, and affidavits requiring a contrary conclusion.

For the foregoing reasons leave to intervene should have been granted; the motion to amend

should have been allowed and the case set for trial upon the issues thus framed.

Judgment reversed with instructions for the entry of orders consistent with this opinion. Appellant may have his costs.

McGREGOR, P. J., and FITZGERALD, J., concurred.