FRED GIBBS, INC. *v.* OLD COLONY INSURANCE COMPANY

1. PLEADING—AMENDMENT—DISCRETION—COURT RULES—STATUTES.
   Granting or refusing permission to amend pleadings rests in the discretion of the trial court (MCLA § 600.2301; GCR 1963, 118.1).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Pleading § 293.
[2] 41 Am Jur, Pleading § 292.
[3] 41 Am Jur, Pleading § 291 *et seq.*

2. PLEADING—AMENDMENT—SUBSTANTIAL RIGHTS—COURT RULES—STATUTES.

> The statute and court rule establish a policy favoring liberal amendment of the pleadings as long as substantial rights are not prejudicially affected (MCLA § 600.2301; GCR 1963, 118.1).

3. PLEADING—AMENDMENT—SUBSTANTIAL RIGHTS—DISCRETION.

> Amendment of a complaint to reinstate allegations of fraud against certain defendants after a paragraph alleging fraud by them and two other defendants had been deleted by plaintiff because he wished to withdraw the allegations of fraud as to the last two defendants would not adversely affect the substantial rights of any party and should have been allowed where the defendants were informed of the allegations of fraud and collusion of which they were accused a reasonable time before trial and had participated in the framing of issues at the pre-trial conference without formulating any objections.

Appeal from Ingham, Marvin J. Salmon, J. Submitted Division 2 January 5, 1971, at Lansing. (Docket No. 5208.) Decided February 15, 1971.

Complaint by Fred Gibbs, Inc., against Old Colony Insurance Company, Phil Flint Oil Company, The Travelers Insurance Company, General Adjustment Bureau, and two lawyers for damages resulting from fraud. Judgment for defendants. Plaintiff appeals. Reversed and remanded with instructions.

*Wilfred A. Dupuis,* for plaintiff.

*Davies, Rudzki & Zeder* (by *Kenneth C. Davies*), for defendant Old Colony Insurance Company.

Before: QUINN, P. J., and BRONSON and O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

O'Hara, J. What may be loosely characterized as a comedy of errors began with a misdelivery of fuel oil by Flint Oil Company (hereinafter called "Flint") to plaintiff's clothing store and culminated in the subsequent explosion of the tank containing the oil, with resultant damage to plaintiff's merchandise.

Thereafter, plaintiff instituted an action against Flint and a $25,000 settlement was purportedly made.

Plaintiff subsequently sought further relief against Flint, Old Colony Insurance Company (hereinafter called "Colony"), The Travelers Insurance Company (hereinafter called "Travelers"), General Adjustment Bureau (hereinafter called "General"), and two lawyers.**

Allegations were made in Count I that Colony, its adjusting agent General, an attorney whom plaintiff had engaged to represent it in seeking redress, and Travelers, which represented Flint, had defrauded plaintiff with regard to the sum payable under plaintiff's policy of insurance with Colony.

In Count II, plaintiff contended that an attorney whom it had subsequently employed following dismissal of its first attorney had entered into a collusive settlement with Flint and Travelers, which was imposed on plaintiff contrary to its desires and best interest.

The appeal lies solely from the actions taken by the trial judge in proceedings relating to Count I.

In his opening statement plaintiff's attorney indicated that he wished to withdraw all allegations

___

** In the advance sheet reporting this case two attorneys were named as parties defendant charging collusion. Regrettably the orders of the court dismissing them as defendants were not made part of the record on appeal and the panel hearing the case was not aware of the dismissal. The panel regrets the inadvertent inclusion of their names.

against Flint and Travelers. In furtherance of that purpose, he requested permission to delete paragraph 26 of Count I from his amended complaint. The court allowed the amendment. However, as a consequence of the amendment, the trial judge also dismissed the action against the other defendants on the ground that the remaining portions of Count I did not establish fraud as to them, and that all other causes of action were barred by the running of the statute of limitations.

Whereupon, plaintiff moved for leave to amend the complaint to reinstate allegations of fraud as to Colony and General. Leave to amend was denied on the ground that the motion was not timely made. From denial of his motion to amend, plaintiff appeals.

The sole issue raised on appeal is whether the trial court erred in denying plaintiff leave to amend the complaint to reinstate allegations of fraud and collusion as to defendants Colony and General.

Pursuant to GCR 1963, 118.1 and its statutory counterpart, MCLA § 600.2301 (Stat Ann 1962 Rev § 27A.2301),[1] the granting or refusal of permission to amend pleadings rests in the sound discretion of the trial judge and, on appeal, the ruling will not be disturbed in the absence of abuse. *Scott* v. *Cleveland* (1960), 360 Mich 322; *Hardaway* v. *Consolidated Paper Company* (1962), 366 Mich 190; *Graham* v. *Thorman* (1958), 354 Mich 629.

---

[1] GCR 1963, 118.1 provides in pertinent part that "Leave [to amend] shall be freely given when justice so requires". MCLA § 600.2301 (Stat Ann 1962 Rev § 27A.2301) provides that: "The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties."

Both the applicable statute and court rule evidence a policy favoring liberal amendment of pleadings as long as it does not prejudicially affect substantial rights. *Phillips* v. *Rolston* (1965), 376 Mich 264; *Blissfield Community Schools District* v. *Strech* (1956), 346 Mich 186.

Our prior decisions limited the exercise of judicial discretion by the requirement of a finding that justice will not be served by allowance of the amendment. *Burg* v. *B & B Enterprises, Inc.* (1966), 2 Mich App 496; *Doan* v. *Chesapeake & Ohio Railway Co.* (1969), 18 Mich App 271.

Inasmuch as we are not dealing with a circumstance where plaintiff invokes the court's discretion to introduce a new theory or issue for which defendant lacks adequate preparation, it is difficult for this Court to perceive how the allowance of the amendment could work any substantial hardship on the objecting parties. The defendants were appraised of the alleged fraud and collusion in the amended complaint a reasonable time before trial, and they participated in the framing of issues at the pre-trial conference without formulating any objections. It, therefore, must be presumed that defendants were adequately informed as to the issues and were prepared to offer their defenses.

Accordingly, we reverse the trial court and remand with instructions to allow plaintiff to amend his pleading to reinstate paragraph 26 of Count I as to defendants Colony and General.

Costs to plaintiff.

All concurred.