## TAYLOR BOARD OF EDUCATION v TAYLOR FEDERATION OF TEACHERS

### O<small>PINION OF THE</small> C<small>OURT</small>

1. P<small>LEADING</small>—A<small>MENDMENT OF</small> P<small>LEADINGS</small>—D<small>ENIAL OF</small> A<small>MENDMENT</small>—
   R<small>EQUIREMENTS</small>—C<small>OURT</small> R<small>ULES</small>.

   The court rule which provides that "leave to amend a pleading
   shall be freely given when justice so requires", requires a
   finding by a trial court, when it is denying an amendment, that
   justice would not be served by granting the amendment, and
   the trial court must make specific findings as to why it is
   denying a motion for leave to amend (GCR 1963, 118.1).

2. P<small>LEADING</small>—A<small>MENDMENT OF</small> P<small>LEADINGS</small>—D<small>ENIAL OF</small> A<small>MENDMENT</small>.

   A trial court which denies a party's motion to amend its plead-
   ings, where the amendment is offered in an attempt to avoid
   summary judgment, must make a finding from the evidence
   contained in the affidavits for summary judgment that the
   amendment is not justified.

3. A<small>PPEAL AND</small> E<small>RROR</small>—P<small>LEADING</small>—A<small>MENDMENT OF</small> P<small>LEADINGS</small>—
   A<small>BUSE OF</small> D<small>ISCRETION</small>.

   On appeal, a trial court's grant or denial of a motion to amend
   the pleadings is considered by applying the standard of
   whether the action taken by the trial court was an abuse of its
   discretion; in considering an offered amendment the trial court
   must not let its view of the merits of the case or the moving
   party's wisdom in bringing the amendment enter into its
   judgment.

4. P<small>LEADING</small>—A<small>MENDMENT OF</small> P<small>LEADINGS</small>—S<small>UFFICIENCY OF</small> C<small>OM</small>-
   P<small>LAINT</small>.

   Denial of a plaintiff's motion to amend its pleadings to include a
   claim for money damages was error where the complaint was
   sufficiently broad to encompass such a claim, it alleged the
   necessary facts to state a cause of action, and the only item
   missing was a prayer for relief on the damages issue.

R<small>EFERENCE FOR</small> P<small>OINTS IN</small> H<small>EADNOTES</small>

[1–5] 61 Am Jur 2d, Pleadings §§ 308–313.

Dissent by Bronson, P. J.

5. Pleading—Amendment of Pleadings—Injunctive Relief—
   Money Damages.

   *A plaintiff's motion seeking leave to amend its complaint to
   include a request for money damages was properly denied
   where the suit was one for injunctive relief which was so
   treated by all parties and where the plaintiff's motion was
   made in response to the defendant's motion to dismiss because
   the case was moot, filed six months after the case appeared to
   be over.*

Appeal from Wayne, Nathan J. Kaufman, J.
Submitted June 9, 1975, at Detroit. (Docket No.
20705.) Decided January 26, 1976.

Complaint by the Board of Education for the
Taylor School District against the Taylor Federa-
tion of Teachers, Local 1085 of the American
Federation of Teachers and AFL-CIO and the indi-
vidual teachers for an injunction to force the
striking teachers to return to work. Injunction
granted. After a new contract was negotiated, the
Federation of Teachers moved to dismiss the case
as moot, and the plaintiff sought to amend its
complaint to allege monetary damages. Plaintiff's
motion to amend was denied, and summary judg-
ment granted to defendants. Plaintiff appeals. Re-
versed and remanded.

*DeBiasi & Carrier, P. C.,* for plaintiff.

*Fieger, Golden & Cousens,* for defendants.

Before: Bronson, P. J., and V. J. Brennan and
D. E. Holbrook, Jr., JJ.

D. E. Holbrook, Jr., J. At the beginning of the
1973–74 school year the Taylor Federation of
Teachers went on strike due to the lack of a

contract for the school year. Thereafter, plaintiff moved for and received a temporary restraining order and preliminary injunction ordering the teachers to return to their classrooms. In April of 1974, after negotiating a contract, the Federation of Teachers moved to dismiss the case as moot. The trial court treated such motion as one for summary judgment.

Thereafter the school board moved to amend the *ad damnum* clause of its complaint to allege monetary damages caused by the teachers resulting from the strike. Following oral argument the trial court denied plaintiff's motion to amend and granted summary judgment for the defendants, subject to the right of the school board to institute a new action for monetary damages caused by the strike. From the denial of its motion to amend and the granting of summary judgment, plaintiff appeals as of right.

On appeal, the school board argues that the trial court abused its discretion in not granting its motion. GCR 1963, 117.3, provides in part:

"Each party shall be given an opportunity to amend his pleadings as provided by Rule 118 unless the evidence then before the court shows amendment would not be justified."

GCR 1963, 118.1, provides that "[l]eave shall be freely given when justice so requires". This requires the trial court to make a finding that justice would not be served by granting the amendment. *Burg v B & B Enterprises, Inc,* 2 Mich App 496; 140 NW2d 788 (1966). The trial court must make specific findings as to why it is denying the motion for leave to amend. *Tri-Part Manufacturing Co v Michigan Consolidated Gas Co,* 1 Mich App 684; 137 NW2d 739 (1965).

An amendment to avoid summary judgment, however, has a slightly different test than a normal amendment under GCR 1963, 118.1. In such case the trial court must make a finding from the evidence contained in the affidavits for summary judgment that the amendment is not justified. However, this standard merely takes into account the fact that the trial court has the affidavits before it and allows the court to consider them. Although it is necessary to state reasons why the amendment is being denied, this ordinarily can be done in the granting of the summary judgment.

In both situations the standard to be applied on appeal is did the trial court abuse its discretion in granting or denying the motion to amend the pleadings. *Fred Gibbs, Inc v Old Colony Insurance Co*, 30 Mich App 352; 186 NW2d 396 (1971). The trial court must not let its view of the merits of the case or the moving party's wisdom in bringing the amendment enter into its judgment on whether to grant or deny the amendment. *Accord, Ben P Fyke & Sons v Gunter Co*, 390 Mich 649; 213 NW2d 134 (1973). In the present case the trial court did not adequately state its reasons for denying the amendment and questioned the wisdom of the substance of the amendment.

Although the summary judgment was without prejudice as to bringing a suit for monetary damages, the trial court should have granted the amendment and denied the motion for summary judgment. The *ad damnum* clause of plaintiff's complaint was sufficiently broad that it could encompass a claim for money damages, however, before trial could be had on the matter it would be necessary that the clause be amended to state a claim for a specific amount. GCR 1963, 111.1(2). The basic complaint alleged the necessary facts to

state a cause of action. The only item missing was a prayer for relief on the damages issue.

Reversed and remanded with instructions to grant plaintiff's motion to amend its complaint.

V. J. BRENNAN, J., concurred.

BRONSON, P. J. *(dissenting).* The majority opinion reads very well in the abstract, for no one can quarrel with the statement that "leave shall be freely given when justice so requires". I feel, however, that the factual setting of this case justified the trial judge's denial of the school board's motion to amend its complaint.

This case is typical of recent employer-union disputes in the public sector. On September 18, 1973, the board of education filed a complaint in circuit court alleging that the teachers' union had been on strike since September 4, 1973, in violation of the public employment relations act, MCLA 423.201, *et seq.;* MSA 17.455(1), *et seq.* Although the board clearly claimed it was "damaged" by the actions of the union, money damages were never being claimed. The board requested injunctive relief and the usual miscellaneous "other and further relief as the Court shall deem proper", alleging that it had "been left without an adequate remedy in law" and had "suffered and will continue to suffer irreparable injury and damages". The suit was purely one for injunctive relief, and all parties treated it as such.

A temporary injunction was issued on September 26, 1973, and the trial judge ordered continual negotiation on all issues. For several days, the circuit court guided bargaining sessions, and a new contract was hammered out. That agreement was signed on September 28, 1973. Nothing more oc-

curred for the next six months, and the lawsuit appeared to all objective observers to be over.

On April 1, 1974, defendant's counsel filed a motion to dismiss the case for "mootness". However, at an April 26, 1974 hearing on that motion, plaintiff sought leave to amend its complaint to include a request for money damages. The circuit court judge refused to allow plaintiff to amend its complaint, and, treating defendant's motion as one for summary judgment, granted the same. Plaintiff's motion for rehearing was denied on May 24, 1974.

The trial judge based his decision on the fact that plaintiff's proposed amendment came as a complete surprise, and changed the whole tenor of the proceedings, which had seemed to be finished. He stated at the rehearing proceedings:

"And I am not going to grant you a rehearing, Mr. DeBiasi, because I believe it is a moot question at this time as far as the injunction which you prayed for in your original complaint. The teachers are back working. It is about nine months since the Board of Education and the Taylor Union reached an agreement with the help of the State Labor Mediation Board with much prodding and threatening by myself. And if everything is copacetic at this time—and I believe it is—I don't see why I should wake it up from a sort of lethargic state. And that is where I would like it to be."

I agree with the trial judge's view of the school board's actions. If they want to start a new lawsuit which changes the whole thrust of the proceedings, a new complaint should be filed. The trial judge correctly exercised his discretion by disallowing this amendment of the original complaint, and I vote to affirm.