HANON v BARBER

Docket No. 44983. Submitted March 10, 1980, at Detroit.—Decided
September 3, 1980.

Lowell R. Hanon, Sr., brought an action against Ross C. Barber,
Jr., for a money judgment on two promissory notes. Upon the
parties' appearance for trial, plaintiff moved for summary
judgment, claiming defendant's answer failed to state a valid
defense to the claim asserted. Defendant moved for leave to
amend his answer, which motion was denied, and plaintiff was
granted summary judgment, Oakland Circuit Court, James S.
Thorburn, J. Defendant appeals, alleging the trial court erred
in granting plaintiff's motion for summary judgment and that
the trial court abused its discretion in denying his motion to
amend his answer. *Held:*

1. The trial court erred in granting plaintiff's motion for
summary judgment, as the possible defenses offered by defen-
dant should have precluded such grant in that, were defendant
to prove one or more of his claims at trial, plaintiff would be
denied recovery on the debt. Defendant's pleading gave plaintiff
notice such as to permit him to take a responsive position, and,
further, defendant's denial of material facts constituted a valid
defense.

2. The trial court abused its discretion in denying defendant's
motion to amend his answer, since the motion was timely, and
no showing that such amendment would result in injustice or
would unduly prejudice plaintiff, that allowing the amendment
would have been futile, or in bad faith, or was the result of
undue delay or dilatory motive on defendant's part was made.
In addition, the trial court failed to support its denial with
specific findings as to why justice would not be served by the

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 61 Am Jur 2d, Pleading § 232.
[2] 61 Am Jur 2d, Pleading § 152 *et seq.*
[3] 61 Am Jur 2d, Pleading § 169 *et seq.*
[5, 6] 61 Am Jur 2d, Pleading §§ 309-311.
[7] 61 Am Jur 2d, Pleading § 205.

amendment, as required by court rule, constituting reversible error.

Summary judgment in favor of plaintiff set aside.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE A VALID DEFENSE — COURT RULES.

A motion for summary judgment based on the failure to state a valid defense tests the legal sufficiency of the pleaded defense; the motion is tested by reference to the pleadings alone, with all well-pleaded allegations accepted as true, and by determining whether a defendant's defenses are so clearly untenable as a matter of law that no factual development could possibly deny plaintiff's right to recovery (GCR 1963, 117.2[2]).

2. PLEADING — AFFIRMATIVE DEFENSES — PURPOSE — SUFFICIENCY — COURT RULES.

The intent of the general court rule of pleading affirmative defenses is to provide for fact pleading sufficient to give a plaintiff notice of the affirmative defenses alleged to permit him to take a responsive position, and no pleading is insufficient so far as facts are concerned which serves this function (GCR 1963, 111.7).

3. PLEADING — DENIAL OF MATERIAL FACTS — VALID DEFENSE.

The denial of material facts constitutes the pleading of a valid defense.

4. MOTIONS AND ORDERS — SUMMARY JUDGMENT — DENIAL OF ALLEGATIONS.

A motion for summary judgment for failure to state a valid defense can be defeated by denying an allegation.

5. TRIAL — MOTIONS AND ORDERS — AMENDMENT OF PLEADINGS — STANDARD OF REVIEW — COURT RULES.

A trial court, in denying a motion by a party for leave to amend his pleadings, must make specific findings that justice would not be served by granting the motion, and the test on appeal is whether the trial court abused its discretion in denying the motion (GCR 1963, 117.3, 118.1).

6. TRIAL — MOTIONS AND ORDERS — AMENDMENT OF PLEADINGS — SUMMARY JUDGMENT — STANDARD OF REVIEW.

A trial court should base its finding in ruling on a motion by a party for leave to amend its pleadings to avoid summary judgment on evidence contained in the affidavits, and the

standard of review is whether the trial court abused its discretion.

7. MOTIONS AND ORDERS — AFFIRMATIVE DEFENSES — MORE DEFINITE STATEMENT — COURT RULES.

A plaintiff, in finding a defendant's affirmative defenses lacking, should make a timely motion for a more definite statement under the appropriate court rule (GCR 1963, 115.1).

*Nine & Maister* (by *Bruce A. Rodwan*), for plaintiff.

*Myron F. Poe,* for defendant.

Before: BRONSON, P.J., and V. J. BRENNAN and T. M. BURNS, JJ.

PER CURIAM. This is an appeal from the circuit court's denial of defendant's motion to amend his pleadings and the grant of plaintiff's motion for summary judgment based upon GCR 1963, 117.2(2).[1]

On May 25, 1978, plaintiff, Lowell R. Hanon, Sr. filed a complaint against Ross C. Barber, Jr., seeking a money judgment on two promissory notes dated November 5, 1971, and March 19, 1972, between Barber as payor and Hanon as payee.

On June 13, 1978, defendant filed his answer and affirmative defenses of compromise and release, satisfaction, discharge, duress, estoppel, and assignment of the claim. Plaintiff filed a response

---

[1] GCR 1963, 117.2(2) provides in pertinent part:

".2 Grounds. The motion for summary judgment shall state that the moving party is entitled to judgment in his favor because of any 1 of the following grounds:

* * *

"(2) the opposing party has failed to state a valid defense to the claim asserted against him, * * *."

on June 16, 1978, denying defendant's affirmative defenses.

Following two adjournments,[2] the parties appeared for trial before Judge Thorburn on December 29, 1978. Plaintiff thereupon made a motion for summary judgment, claiming that defendant's answer failed to state a valid defense to the claim asserted against him. Defendant immediately moved for leave to amend his answer. The trial judge denied defendant's motion to amend and granted plaintiff's motion for summary judgment. Judgment in the plaintiff's favor was entered in the amount of $20,286.94. Defendant subsequently filed a motion to rehear the motion for summary judgment and a motion to amend and requested that defendant be granted a new trial. On April 18, 1979, Judge Thorburn issued an order denying the defendant's motion. The defendant now appeals from the trial court's order granting summary judgment and denying defendant's motion to amend the pleadings.

On appeal, defendant raises two issues. First, defendant challenges the trial judge's grant of summary judgment for failure to state a valid defense.

A motion for summary judgment based on the failure to state a valid defense tests the legal sufficiency of the pleaded defense. Such motion is tested by reference to the pleadings alone, *Durant v Stahlin,* 375 Mich 628, 644; 135 NW2d 392 (1965), *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733 (1974), *lv den* 391 Mich 816 (1974), with all well-pleaded allegations accepted as true, *Minor Dietiker v Mary Jane Stores of Michigan,*

[2] The case was first scheduled for trial on September 1, 1978, but was adjourned until October 31 because an illness in defense counsel's family required him to be out of state. And on October 31, 1978, both counsel requested an adjournment until December 29, 1978.

*Inc,* 2 Mich App 585, 588; 141 NW2d 342 (1966). The proper test for such a motion is whether defendant's defenses are so clearly untenable as a matter of law that no factual development could possibly deny plaintiff's right to recovery. *Crowther v Ross Chemical & Mfg Co,* 42 Mich App 426, 431; 202 NW2d 577 (1972), *Bob v Holmes,* 78 Mich App 205, 211; 259 NW2d 427 (1977), *Michigan National Bank of Detroit v Dunbar,* 91 Mich App 385, 387; 283 NW2d 747 (1979).

On review of the record, we believe that the possible defenses offered by defendant should have precluded the granting of summary judgment pursuant to subrule 117.2(2). Sufficient basis for denial of the motion was made in defendant's answer by his allegations regarding compromise, release, payment, discharge, assignment, coercion, and duress. Were defendant to prove one or more of these claims at trial, plaintiff would be denied recovery on the debt. See Bashara, *The Elusive Summary Judgment Rule,* 1976 Det Col L Rev, 397, 409-410.

The trial court's ruling appears to be grounded on the basis that, although defendant listed his affirmative defenses, they were defective, since he failed to state those facts upon which he relied.

The general rule of pleading affirmative defenses is governed by GCR 1963, 111.7.[3] In essence, it is

---

[3] GCR 1963, 111.7 provides:

".7 Affirmative Defenses. A party shall in separate defenses set forth the facts constituting any affirmative defense, such as, contributory negligence, assumption of risk, payment, release, satisfaction, discharge, license, fraud, duress, estoppel, statute of frauds, statute of limitations, illegality, want or failure of consideration in whole or in part, that an instrument or transaction is void or voidable in point of law, or cannot be recovered upon by reason of statute, or by reason of nondelivery, and any defense which by reason of other affirmative matter seeks to avoid the legal effect of or defeat the claim set forth in the plaintiff's complaint in whole or in part, and any ground of defense which, if not raised in the pleading, would be likely to take the adverse party by surprise. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the

the intent of the rule to provide for fact pleading sufficient to give plaintiff *notice* of the affirmative defenses alleged. *Abbey v Hudgens,* 4 Mich App 621; 145 NW2d 363 (1966). In *Olson v Dahlen,* 3 Mich App 63, 71; 141 NW2d 702 (1966), this Court, quoting from 1 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), p 198, stated that:

"The primary function of a pleading is to give notice of the nature of the claim or defense sufficient to permit the opposite party to take a responsive position. *No pleading is insufficient, so far as facts are concerned, which serves this function.*"

We find that plaintiff did have such notice.

Assuming, *arguendo,* however, that defendant's affirmative defenses were deficient, we further note that defendant categorically denied owing plaintiff on the alleged notes. In *August v Poznanski,* 383 Mich 151, 155; 174 NW2d 807 (1970), the Supreme Court set aside a summary judgment not because of disputed facts, but because the denial of material facts constitutes the pleading of a valid defense. As Judge Bashara stated in *The Elusive Summary Judgment Rule, supra,* 410, "Summary judgment for failure to state a valid defense is a rare occurrence. One can generally defeat the motion by denying an allegation."

While resolution of the foregoing is dispositive and renders discussion of defendant's remaining allegation of error unnecessary, we believe it should, nevertheless, be addressed. Immediately following plaintiff's motion for summary judgment, defendant asked the court for leave to amend his pleadings. Defense counsel argued that summary judgment was improper and requested the court to

court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."

grant him one week in which to file an amended answer in order to cure the alleged deficiency of his pleadings.

On appeal, defendant argues that the trial court abused its discretion in not granting his motion to amend.[4] GCR 1963, 117.3 provides in pertinent part:

"Each party shall be given opportunity to amend his pleadings as provided by Rule 118 unless the evidence then before the court shows amendment would not be justified."

GCR 1963, 118.1, states that "[l]eave shall be freely given when justice so requires". This requires the trial court to make a finding that justice would not be served by granting the motion to amend. *Burg v B & B Enterprises, Inc,* 2 Mich App 496; 140 NW2d 788 (1966).

The test on appeal is whether the trial court abused its discretion in denying the motion to amend. *Fred Gibbs, Inc v Old Colony Ins Co,* 30 Mich App 352; 186 NW2d 396 (1971). The trial court must make specific findings as to why it is denying the motion for leave to amend. *Tri-Part Manufacturing Co v Michigan Consolidated Gas Co,* 1 Mich App 684; 137 NW2d 739 (1965), *Taylor Board of Education v Taylor Federation of Teachers,* 66 Mich App 695; 239 NW2d 713 (1976), *NAG Enterprises, Inc v All State Industries, Inc,* 85 Mich App 194; 270 NW2d 738 (1978). Although an amendment to avoid summary judgment is subject to a slightly different test than the usual amendment under GCR 1963, 118.1, in that the trial

---

[4] We note that, although the trial court characterized defendant's request as one which sought a continuance, it in fact was a motion for leave to amend in response to plaintiff's motion for summary judgment.

court must make a finding from the evidence contained in the affidavits. *Taylor Board of Education, supra,* 698, in both situations the standard is one of abuse of discretion.

In *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656; 213 NW2d 134 (1973), the Supreme Court set forth the purpose of GCR 1963, 118.1 as defined by the Supreme Court's analysis of FR Civ P 118:

"We have acknowledged the Federal source of Rule 118 and have been guided by the Federal precedents. *LaBar v Cooper,* 376 Mich 401, 405; 137 NW2d 136 (1965).

"Our rule, as the Federal rule, is 'designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result'. *United States v Hougham,* 364 US 310, 316; 81 S Ct 13, 18; 5 L Ed 2d 8, 14 (1960). A motion to amend ordinarily should be granted, and denied only for particularized reasons:

" 'In the absence of any apparent or declared reason —such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc,—the leave sought should, as the rules require, be "freely given." '
\* \* \*

"To safeguard and implement the policy favoring amendment, this Court has directed that upon denial of a motion to amend 'such exercise of discretion should be supported by specific findings as to *reasons* for the same'. *LaBar v Cooper, supra,* p 409. (Emphasis supplied.)"

In the instant case, plaintiff did not argue that defendant's request to amend would result in injustice or would unduly prejudice plaintiff. In fact, defendant prepared and proceeded to trial only to

be met with a motion for summary judgment.[5] Faced by this unexpected turn of events, defendant then attempted to cure his answer and preserve his right to a full hearing. Under the circumstances, defendant's motion was as timely as could be expected.

We note that this is not a case where a party is adding a party or parties which in effect results in the addition of a new cause of action, *Central Advertising Co v City of Novi,* 91 Mich App 303; 283 NW2d 730 (1979), or a party is attempting to introduce a new theory of liability which will prejudice an opposing party, *Messer v Floyd Rice Ford, Inc,* 91 Mich App 644; 284 NW2d 139 (1979), or amendment would have been futile, *Biff's Grills, Inc v State Highway Comm,* 75 Mich App 154; 254 NW2d 824 (1977). Given the Supreme Court's liberal amendment rules, GCR 1963, 118.1 and its directive that leave to amend should be "* * * freely given when justice requires", *Fyke, supra,* 655, the fact that defendant's motion to amend was made as soon as he was made aware of the alleged deficiency of his pleadings, and the Court's reluctance to decide questions raising factual issues by way of summary judgment rather than a full hearing, the trial court abused its discretion in denying defendant's motion to amend. There was no indication that allowing the amendment would have been futile, or of bad faith, or the result of undue delay or dilatory motive on defendant's part.

We further note that the trial judge failed to support his motion denial with specific findings as to why justice would not be served by the amendment. Such a failure constitutes reversible error.

---

[5] We agree with defendant's contention that, if plaintiff found defendant's affirmative defenses lacking, he should have made a timely motion for a more definitive statement under GCR 1963, 115.1.

*Goldstein v Kern,* 82 Mich App 723, 727; 267 NW2d 165 (1978), *Burg, supra,* 500, *Fyke, supra,* 658, and *Leahy v Henry Ford Hospital,* 84 Mich App 719, 722; 271 NW2d 34 (1978). No such findings were made in this case.

We rule that the trial court should have granted defendant leave to amend, and set aside the summary judgment in favor of the plaintiff entered herein.

Costs to be paid by plaintiff.